OPINION
Appellant, Schrock Road Markets, Inc., appeals the decision of the Franklin County Court of Common Pleas granting appellee's HODCO Food System, Inc., motion for summary judgment and finding moot appellant's motion for order denying order for summary judgment, appellant's motion to compel discovery and appellant's motion for attorney fees. In reaching its decision, the trial court agreed with appellee that any cause of action appellant may have, originates in contract. The court also found that appellee owed no duty to appellant to disclose the relevant information, thus appellant could not establish its fraud theory cause of action.
Sometime in 1993, appellant purchased a model MGF-40G gas deep fryer from appellee, for use in its Jubilee supermarket in Worthington, Ohio. The fryer was manufactured by Giles Enterprises, Inc. ("Giles"), which is not a party to this case, and distributed by appellee. Appellee also serviced the fryer from the time appellant acquired it until it caught on fire in 1997. It appears that appellee received a communication from Giles back in 1991, two years before appellant acquired the fryer, informing it that, because of bad metal used in fryers of the type purchased by appellant, some customers were experiencing "meltdowns." The record also reflects that, in 1995, appellee received another communication from Giles indicating that some problems in model MGF-40G fryers persist and offered customers the option of changing tops and pots through a change-out program at a very low cost or at no cost to the customer. Giles sent a third communication to appellee informing it of complaints about oil burning in the vicinity of the fry pot penetration of the heat exchanger. The communication instructs appellee to inform customers of the potential hazard and that customers must clean the area, or burning oil could continue to occur. Appellant contends, and the record indicates, that appellee never informed appellant of the content of any of the above communications. After the fryer in question caught on fire, appellant instituted the instant action claiming that appellee committed fraud by not disclosing such material facts that led it to rely, to its detriment, resulting in an injury proximately caused by the reliance. Appellant argued below and asserts here that appellee owed it a duty to convey the content of the communications it received from Giles. Appellee, on the other hand, insists that any duty it owed appellant originated in contract, thus any cause of action appellant may have against appellee lies in contract.
The trial court agreed with appellee finding that it was under no duty to disclose the content of the Giles communications. Even if appellee owed appellant a duty to disclose, such duty arose out of contract and the only cause of action appellant had was one of contract. It is from that finding, that appellant filed this timely appeal assigning the following assignments of error:
First Assignment of error:
 The trial court committed prejudicial error in granting Appellee's Motion for Summary Judgment.
Second Assignment of error:
 The Trial Court Erred in declaring as moot Appellant's Motion for an Order Denying the Motion for Summary Judgment, or, in the Alternative, a Continuance and Appellant's Motion to Compel Discovery.
Preliminarily, as this matter arises out of the trial court's grant of summary judgment, pursuant to Civ.R. 56, we review the trial court's determination independently, and without deference. Brown v. Cty. Commrs. of Scioto Cty. (1993), 87 Ohio App.3d 704. In conducting our review, we apply the same standard as the trial court. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103. In accordance with Civ.R. 56, summary judgment may only be granted if, viewing the evidence most strongly in favor of the non-moving party, no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion which is adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 296. If the moving party makes that showing, the non-moving party then must produce evidence on any issue for which the party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus (Celotex v. Catrett [1986], 477 U.S. 317,106 S.Ct. 2548, approved and followed).
Because appellant's assignments of error are related, we will address them together. Appellant argues that its cause of action against appellee lies in fraud because all elements of a fraud cause of action are present in this case. Namely, appellant asserts that appellee owed it a duty, as the servicer of the fryer, to disclose facts that are material to the transaction but appellee intentionally concealed such facts with intent of misleading appellant into relying upon it and that appellant justifiably relied upon the concealment resulting in injury proximately caused by the reliance. Appellee, on the other hand, argues that the only duty it owed appellant was one based on contractual relationship arising from the sale of the fryer to appellant thus any cause of action between the parties must lie in contract. The trial court agreed with appellee and granted its motion for summary judgment. We now reverse.
Both parties cite the Fourth District Court of Appeals' decision in Schwartz v. Bank One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806, in support of their respective positions. The issue in Schwartz was whether the action sounds in contract or in tort in order to apply the proper statute of limitation. The court stated:
 Where the duty allegedly breached by the defendant is one that arises out of a contract, independent of any duty imposed by law, the cause of action is one of contract. [Id. at 810, citing Ketcham v. Miller (1922), 104 Ohio St. 372.]
The plaintiff in Schwartz sued the bank alleging that it had made unauthorized changes in the interest rate on a demand note and that it had done so intentionally, willfully and fraudulently. The bank sought to establish that the suit was for fraud rather than contract, and thus barred by the four-year statute of limitation. However the court pointed out that "the setting of interest rates and the duty to notify the debtor of changes in interest rates are governed solely by the written contract." Id. at 811. The court contrasted this to the situation "where the duty allegedly breached by the defendant is one that is imposed by law, whether or not it arises out of a contract, the cause of action is not based on contract, but rather on tort." Id., citing Velotta v. Leo Petronzio Landscaping, Inc. (1982), 69 Ohio St.2d 376.
The issue in Velotta was whether an action by a purchaser of a completed residence against the builder-vendor for failure to construct in a workmanlike manner using ordinary care sounds in tort or in contract. The Ohio Supreme Court held that: "The duty implied in the sale between the builder-vendor and the immediate vendee is the duty imposed by law on all persons to exercise ordinary care." Id. at 378. The court concluded: "The obligation to perform in a workmanlike manner using ordinary care may arise from or out of a contract, i.e., from the purchase agreement, but the cause of action is not based on contract; rather it is based on a duty imposed by law." Id. at 378-379.
In the case at bar, the relationship between appellant and appellee is two-fold: first is the relationship arising from the sale of the fryer, and second is the relationship in which appellee is the servicer of the fryer. In addition to these relationships, the law imposes a duty on both parties to exercise ordinary care. See Vellotta, supra. This duty is independent of any duty arising out of the contractual relationship of the parties. It is especially significant that, as the sole servicer of the fryer, appellee is under a duty to exercise the level of care expected of a skilled servicer in the same or similar circumstances. It goes without saying, that the end user of a technically sophisticated piece of equipment, such as the fryer in question, has no way of knowing any potential hazards in such machine. It is not unreasonable for end users to rely on the knowledge and expertise of third parties to warn them of said hazards and ways of preventing disasters. Appellee, in its capacity as the servicer of the fryer, is under the duty imposed by law on all persons to exercise ordinary care. Additionally, and consistent with Velotta, supra, even if appellee's duty to exercise ordinary care arose out of a contractual relationship, the cause of action does not necessarily have to be based on the contract. Appellant's cause of action may be based on the duty imposed by law on all of us.
Considering that this appeal is from the trial court's granting of summary judgment, we must view the evidence in light most favorable to the nonmoving party and determine whether an issue of fact exists, whether appellee is entitled to judgment as a matter of law and whether reasonable minds can come to but one conclusion that is adverse to the nonmovant. Civ.R. 56. Having concluded that appellee is under a duty to exercise ordinary care, we find that appellee is not entitled to judgment as a matter of law.
Further, appellee urges this court to affirm the trial court's decision on the independent ground that appellant failed to establish appellee's alleged breach of duty was the proximate cause of appellant's claimed damages. According to appellant's witnesses, the fire started in the heat exchanger component of the fryer. Appellee contends that, even if bad metal was used in the fryer in question that rendered it defective, the defect was in the combustion chamber of some model MGF-40G and not in the heat exchanger component, thus appellant failed to prove the proximate causation element of its fraud cause of action. We disagree.
In order to meet its burden under Civ.R. 56, appellant is required to present some evidence on an issue for which appellant bears the burden of production at trial. See Wing, supra. Appellant introduced the testimony of Daniel Straty, an employee of appellee, who testified that, if the meltdown problem is not corrected and the pot and top are not replaced, the fryer would continue to experience oil leakage that eventually may cause a fire. There is nothing in the record to indicate the relationship between the combustion chamber and the heat exchanger. Further testimony would be needed to establish whether a leak in the combustion chamber could lead to oil accumulating at or near the heat exchanger that may cause a fire such that occurred with appellant's fryer. We believe the testimony presented by appellant is sufficient to create an issue of material fact where reasonable minds could come to differing conclusions as to the proximate cause of the fire. It is neither our province nor that of the trial judge to decide whether to believe this evidence or to reject it. It is up to the trier of fact. Accordingly, summary judgment is not appropriate and appellant's assignments of error are sustained.
Finally, appellant contends that the trial court erred in denying its motion to compel discovery. We agree with appellee that discovery matters are within the sound discretion of the trial court. See Nakoff v. Fairview General Hosp. (1996), 75 Ohio St.3d 254. The judgment of the trial court is reversed and remanded. On remand, the trial court may revisit the issue and take appropriate measures as it sees fit.
 _____________________ McCORMAC, J.
PETREE and KENNEDY, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.