376

VELOTTA, APPELLANT, *v.*
LEO PETRONZIO LANDSCAPING, INC., APPELLEE.

[Cite as Velotta v. Leo Petronzio Landscaping, Inc. (1982),
69 Ohio St. 2d 376.]

(No. 81-662—Decided February 24, 1982.)

*Mr. Irving Bell,* for appellant.

*Baker, Hackenberg, Haskell & Collins Co., L.P.A.,* and *Mr. Richard L. Collins, Jr.,* for appellee.

*Messrs. Benesch, Friedlander, Coplan & Aronoff* and *Ms. Mary B. Ballard,* for Ohio Home Builders Assn.

KRUPANSKY, J.   This case requires an initial determination of whether an action by a vendee against the builder-vendor of a completed residence for failure to construct in a workmanlike manner using ordinary care sounds in tort or in contract.

We note at the outset this case presents no issues of contractual warranty, either express or implied. The parties stipulated there were no express warranties orally made, and the contract of sale does not set forth any express warranties. Pursuant to our holding in *Mitchem* v. *Johnson* (1966), 7 Ohio St. 2d 66, there can be no cause of action arising out of any implied warranty imposed on the builder-vendor.

In *Mitchem,* we carefully distinguished between (1) an implied warranty of suitability for the purpose intended, which we declined to impose on the builder-vendor, and (2) the duty to construct in a workmanlike manner using ordinary care, which we held to be *a duty imposed by law* on the builder-vendor. Under implied warranty, not imposed by *Mitchem,* the

vendee would recover upon showing merely a defect in the structure and causation, even though the builder-vendor proved ordinary care and skill in the construction of the residence. To permit recovery under implied warranty without requiring proof of negligence would be in the nature of strict liability; it would make the builder-vendor an insurer and would disregard " * * * the harsh truth that unfortunate problems arise on real estate and in real structures which no prudence can avoid and which defy every reasonable skill." *Id.*, at page 70. We, therefore, held in *Mitchem* there was no implied warranty of suitability for the purpose intended. We also held the vendee must prove lack of ordinary care and skill, or negligence.

The duty implied in the sale between the builder-vendor and the immediate vendee[1] is the duty imposed by law on all persons to exercise ordinary care. In an action by a vendee against the builder-vendor of a completed residence for failure to construct in a workmanlike manner using ordinary care, the essential allegation is, *viz.*, the builder-vendor's *negligence* proximately caused the vendee's damages. The action, therefore, arises *ex delicto*,[2] and the four-year statute of limitations set forth in R. C. 2305.09(D) applies.[3] *The obligation to perform in a workmanlike manner* using ordinary care may

---

[1] See *Ins. Co.* v. *Bonnie Built Homes* (1980), 64 Ohio St. 2d 269, where we held the builder-vendor's duty to construct in a workmanlike manner runs only in favor of the immediate vendee, and the builder-vendor is not liable to subsequent vendees.

[2] We express no opinion as to whether a different result would be reached were the contract herein one to build a residence in the future or one to complete a partially constructed residence. See, *e.g., Lloyd* v. *William Fannin Bldrs.* (1973), 40 Ohio App. 2d 507, where the parties had entered into a contract for the sale of a residence to be constructed by the builder-vendor, and the court held the obligation to construct in a workmanlike manner arises *ex contractu.*

[3] R. C. 2305.09 provides in part:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

" * * *

"(C) For relief on the ground of fraud;

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code.

"If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered."

arise from or out of a contract, *i.e.*, from the purchase agreement, but the cause of action is not based on contract; rather it is based on *a duty imposed by law.*

Having determined appellant's action sounds in tort, we turn to a consideration of whether the suit was timely filed pursuant to R. C. 2305.09.

In a case such as this, where the wrongful conduct complained of is not presently harmful, the cause of action does not accrue until actual damage occurs. See *State, ex rel. Local Union 377,* v. *Youngstown* (1977), 50 Ohio St. 2d 200. In his complaint, appellant alleged he was not damaged by appellee's negligence until "sometime in 1975." Since the complaint was filed June 1, 1979, it is not apparent from the face of the complaint that appellant's action accrued outside the four-year limitations period. A motion to dismiss a complaint under Civ. R. 12(B) which is based upon the statute of limitations is erroneously granted where the complaint does not conclusively show on its face the action is barred by the statute of limitations. *Scheer* v. *Air-Shields, Inc.* (1979), 61 Ohio App. 2d 205; *Durham* v. *Anka Research Limited* (1978), 60 Ohio App. 2d 239.

The record indicates appellee's attorney before trial made "an oral motion pursuant to Civil Rules of Procedure to dismiss the complaint." In ruling on this motion, the trial court considered only the amended complaint which incorporated the purchase agreement and the stipulation of the parties that no express warranties were orally made. Thus, appellee's motion was directed at the face of the complaint; since the complaint did not reveal that the action was barred, the burden of proving the bar of the statute of limitations should have remained on appellee. The Court of Appeals, therefore, erred in affirming the dismissal of appellant's allegations of negligence because a determination that the statute of limitations barred the claim could not have been made by the trial court from the face of the complaint.

The Court of Appeals similarly erred in affirming the dismissal of appellant's allegations of fraud. It is well established a cause of action for fraud accrues when the fraud is discovered. R. C. 2305.09. Appellant's complaint can fairly be read to allege discovery of appellee's fraud "sometime in

1975," conceivably within the four-year limitations period applicable to fraud actions. Dismissal would be proper where upon the face of the complaint it appears with certainty the fraud was discovered more than four years before filing suit. *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161. Dismissal of this fraud claim however, was erroneously granted because the bar of the statute of limitations was not demonstrated on the face of the complaint.[4]

The judgment of the Court of Appeals is reversed and the cause remanded to the trial court for further proceedings.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER and C. BROWN, JJ., concur.

HOLMES, J., concurring in part and dissenting in part.

I am fully in accord with paragraph one of the syllabus and believe it follows, in essence, the law as expressed in *Mitchem* v. *Johnson* (1966), 7 Ohio St. 2d 66. In the absence of a written or oral contract to construct or complete a residential structure, as was considered in *Mitchem,* in *Tibbs* v. *National Homes Constr. Corp.* (1977), 52 Ohio App. 2d 281, and in *Lloyd* v. *William Fannin Bldrs.* (1973), 40 Ohio App. 2d 507, and in the absence of express warranties or representations, or implied warranties, as to the quality of said structure, the liability of a builder-vendor of a completed structure to his vendee for poor workmanship and failure to exercise the ordinary care, a duty imposed by law, in the construction, is an action *ex delicto* sounding in tort. The applicable statute of limitations for such an action is R. C. 2305.09, providing a four-year period in which to bring the action from the date when the cause of action accrued.

I dissent from the law as expressed in paragraph two of

---

[4] The reasoning of the Court of Appeals in dismissing appellant's allegations of fraud is not clear from its opinion. The Court of Appeals stated: " * * * Said complaint does not set forth facts from which an allegation of fraud might arise." While appellant's complaint may not present a model of pleading, we note the trial court was not called upon to rule on the sufficiency of the complaint; rather, appellee's motion to dismiss was based solely on the bar of the statute of limitations. Furthermore, with the adoption of the Rules of Civil Procedure and relaxed pleading requirements, a claim for relief is stated under Civ. R. 8(A) if the pleading contains "a short and plain statement of the claim showing that the pleader is entitled to relief."

the syllabus in that, as stated, the statute of limitations runs from the date when the cause of action accrued, and in the instance of the sale of a house with defects which are not fraudulently concealed, or undisclosed, the cause of action accrues on the date of purchase. Where there is specific fraud averred by an owner in a complaint against a builder-vendor relevant to the construction process of a house, and where there is nothing within the case to remove the element of fraud from the case, the period of the statute of limitations pursuant to R. C. 2305.09, is abated until such time as the fraud is discovered.

Here, the trial court and the Court of Appeals quite reasonably found that the gist of the action was one in tort, and did not, other than peripherally, aver the actions of the builder-vendor to be fraudulent. There is nothing in the complaint that would specify with any degree of certainty what action on the part of the builder-vendor would constitute the fraud. The sole allegation is the use of the word "fraud" in the complaint, hardly sufficient, even under the more liberal pleading practice of the Civil Rules, to constitute an allegation invulnerable to the instant motion. Of greater significance in this regard is the fact that here the trial court considered the motion to dismiss not only on the content of the pleading, but upon the stipulations and oral arguments of the parties. The parties stipulated that there were no express warranties or representations made by the builder-seller and stipulated that the purchase agreement, attached to the complaint as "Exhibit A," provided that the structure was being sold "as is" and that there were "no outside conditions, representations, warranties or agreements." Here, there was not presented to the trial court an action based upon fraud.

I come now to that portion of the majority opinion with which I have the most difficulty, and that is which is contained within the legal philosophy of the second paragraph of the syllabus. This pronounced law would demand of the builder-vendor a responsibility and duty that Ohio law has never required. To place upon the home building industry of Ohio the burden of legal responsibility for unknown and unwarranted defects which may occur in the projected long range future utilization of a residence is not only unreasonable, but is not

382

within the acceptable concept of our negligence law. In a time when the industry of home building is experiencing an extremely difficult economic period, to place this unduly harsh legal principle upon their product is completely unacceptable either as a legislative or, more particularly, as a judicial pronouncement. Under the pronouncement of this court, an unknown and later developing defect found to exist many years after the purchase of a residence could occasion the filing of an action against the original builder-vendor who had long since passed such structure, and the records of its development, into past history. This would present an undue and unreasonable burden upon the Ohio home building industry.