CINCINNATI INSURANCE COMPANY, APPELLANT, *v.* WYLIE, APPELLEE.

. (No. 683—Decided August 29, 1988.)

*Ralph W. Phillips,* for appellant.
*James D. Hapner,* for appellee.

GREY, J. This case is an appeal from the Highland County Court of Common Pleas. The issue is when does the statute of limitations for architects and engineers under R.C. 2305.131 begin to run.

The facts in this case are not in dispute. Appellee, Marion Wylie, was a builder who, in 1970, built a house on land that he owned. Upon its comple-

tion, he moved into the house and resided there until 1979 when the house was sold. The property was re-sold in 1984 to Thomas and Randa Jones. Shortly after the Joneses moved in, the house caught on fire, allegedly because of a defect in the fireplace, and $24,090.08 in damage was done. Appellant, Cincinnati Insurance Company ("Cincinnati"), paid the Jones' fire insurance claim, and brought an action against Wylie as subrogee.

After some discovery, Wylie filed for summary judgment on the grounds that the ten-year statute of limitations under R.C. 2305.131 barred the action. Cincinnati argued that the four-year statute of limitations under R.C. 2305.09(D) was the proper standard and that the statute of limitations did not begin to run until discovery of the defect. The trial granted summary judgment on the grounds that R.C. 2305.131 was the proper statute of limitations and that the action was barred.

Cincinnati appeals, designating three assignments of error. We affirm.

"FIRST ASSIGNMENT OF ERROR:

"The trial court erred in granting summary judgment by applying the statute of limitations provided by ORC Section 2305.131 where the injury complained of occurred more than ten years after completion of construction, but less than ten years after the builder-owner first transferred the real property to another party."

Appellant relies heavily on *Velotta* v. *Leo Petronzio Landscaping* (1982), 69 Ohio St. 2d 376, 23 O.O. 3d 346, 433 N.E. 2d 147, which states in paragraphs one and two of the syllabus:

"1. An action by a vendee against the builder-vendor of a *completed residence* for damages proximately caused by failure to construct in a workmanlike manner using ordinary care — a duty imposed by law — is an action in tort to which the four-year statute of limitations set forth in R.C. 2305.09(D) applies.

"2. When negligence does not immediately result in damages, a cause of action for damages arising from negligent construction does not accrue until actual injury or damage ensues."

Appellant's reliance is misplaced. To begin with, *Velotta* was "an action by a vendee against the builder-vendor of a completed residence," and dealt with the duty to perform in a workmanlike manner. In *Velotta* there was no discussion of R.C. 2305.131. In contrast, *Elliott* v. *Fosdick & Hilmer, Inc.* (1983), 9 Ohio App. 3d 309, 9 OBR 575, 460 N.E. 2d 257, does construe R.C. 2305.131. In *Elliott,* the court noted, at 311, 9 OBR at 578, 460 N.E. 2d at 261, as we do here, that: "Accordingly, on its facts, *Velotta* is inapposite," and held, again at 311, 9 OBR at 577, 460 N.E. 2d at 260:

"Thus, where a tort is committed in the process of improving real estate, for statute of limitations purposes time begins to run when the activity in connection with that improvement took place."

We find this is the only reasonable construction that can be given to the language of R.C. 2305.131 which states:

"No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of said injury, shall be brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property, more than ten years after the performance or furnishing of such services and construction. * * *"

The statute of limitations under R.C. 2305.131 begins to run when the improvement is completed. This is unambiguous language which must be applied as it reads. *Provident Bank* v. *Wood* (1973), 36 Ohio St. 2d 101, 65 O.O. 2d 296, 304 N.E. 2d 378; *Bernardini* v. *Bd. of Edn.* (1979), 58 Ohio St. 2d 1, 12 O.O. 3d 1, 387 N.E. 2d 122. Assignment of error one is not well-taken.

Appellant has argued other authority in support of assignment of error one, but we feel these arguments can be better treated in our discussion of assignments of error two and three, which shall be treated jointly.

"SECOND ASSIGNMENT OF ERROR:

"The trial court erred in granting summary judgment in that the application of ORC Section 2305.131 to bar a claim for negligent construction of a home, where the builder-owner transferred the property ten years after construction, and subsequent owner five years later, violates the right to remedy provisions of Section 16, Article I of the Ohio Constitution."

"THIRD ASSIGNMENT OF ERROR:

"The trial court erred in granting summary judgment in that the application of ORC Section 2305.131 to bar a claim for negligent construction of a home, where the builder-owner transferred the property ten years after construction, and where negligent construction results in damage to a subsequent owner five years later, violates the Equal Protection Clause of the Ohio Constitution, Section 2, Article I."

The case of *Hartford Fire Ins. Co.* v. *Lawrence, Dykes, Goodenberger, Bower & Clancy* (C.A. 6, 1984), 740 F. 2d 1362, is persuasive authority here. The opinion in that case points out that the Ohio Supreme Court has never spoken directly on R.C. 2305.131, but anticipates how the Supreme Court would rule and discusses each point raised by appellant. This opinion is a good exposition of Ohio law and we quote freely from it.

At 1365:

"Section 2305.131 states that, ten years after the completion of an improvement, '[n]o action to recover damages for any injury to property, real or personal' may be brought. This broad language unambiguously includes all types of damages. Under Ohio's rules of interpretation, this Court must apply the 'clear, unequivocal and definite' meaning of the statute as barring suits for all types of damages, rather than creating a limitation on the statute by considering more explicit language that could have been included but was not. * * *"

At 1367:

"* * * We conclude that the Ohio courts would hold section 2305.131 constitutional under its 'open court' provision.

"Section 2305.131 does not violate the due process protection of the fourteenth amendment. We first note that although the title of section 2305.131 indicates that it is a statute of 'Limitation of actions against architects and engineers,' this is not a conventional statute of limitations. For ten years after performance or furnishing of services, section 2305.131 acts as a statute of limitation, defining the time in which a suit must be brought after a cause of action accrues. After ten years, however, the statute's function changes, as it prohibits any cause from accruing: [']The statute] does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising. Thus injury occurring more than ten years after the negligent act allegedly responsible for the harm, forms no basis for recovering. The injured party literally has *no* cause of action. The harm that has been done is *damnum*

*absque injuria* — a wrong for which the law affords no redress. The function of the statute is thus rather to define substantive rights than to alter or modify a remedy.[']

"*Rosenberg* v. *Town of North Bergen,* 61 N.J. 190, 293 A.2d 662, 667 (1972) (emphasis in original). In preventing a cognizable claim from accruing in this case, section 2305.131 acts as a statute of repose, not limitation. *See O'Brien* v. *Hazelet & Erdal,* 410 Mich. 1, 15, 299 N.W.2d 336 (1980)."

At 1370:

"Because a majority of the justices of the Ohio Supreme Court have very recently refused to support the interpretation of the 'open court' provision expressed by Justice Brown [in *O'Stricker* v. *Jim Walter Corp.* (1983), 4 Ohio St. 3d 84, 4 OBR 335, 447 N.E. 2d 727] we conclude that the Ohio courts will probably continue to hold that the state constitution does not prohibit the legislature from abolishing causes of action, so that section 2305.131 does not violate the 'open court' provision."

The court in *Hartford, supra,* also spoke to the equal protection claim, using the rational-basis standard for establishing a designated class set forth in *Schweiker* v. *Wilson* (1981), 450 U.S. 221, and *Beatty* v. *Akron City Hospital* (1981), 67 Ohio St. 2d 483, 21 O.O. 3d 302, 424 N.E. 2d 586. After discussing the underlying reasons for R.C. 2305.131 the court concluded, at 1373:

"Thus, the classification created by section 2305.131 between designers and builder on one side and materialmen, and owners and tenants on the other side is rationally related to the state's objective. For a number of reasons, designers and builders are peculiarly vulnerable to extensive liability and problems of proof inherent in stale litigation. The state's decision to protect that one group through a statute of repose rests on reasonable grounds and does not violate equal protection.

"We therefore find that section 2305.131 does not violate the Ohio or United States Constitutions."

We likewise find that R.C. 2305.131 is not unconstitutional.

Appellant makes one point which we will address in closing. It is unfair, appellant claims, to cut off a right of action before the defect can be discovered and before the cause of action accrues. In some cases, this can be an unfair standard. However, in the discussions in Annotation (1979), 90 A.L.R. 3d 507, Annotation (1979), 93 A.L.R. 3d 1242, and Annotation (1982), 12 A.L.R. 4th 866, the various states have adopted several ways of handling these cases. Some states have a short statute of limitations period, but use discovery as the time for the start of the statutory period. Other states have a long statute of limitations period, but treat the statute as an absolute statute of repose. Some states have a very short period and still reject the discovery theory, while yet other states have a long period which does not begin to run until discovery is or should have been made. A discussion of these various methods is not relevant here except to note that by adopting in R.C. 2305.131 the long period and statute of repose principles, Ohio occupies the middle ground and this is essentially a fair standard.

Assignments of error two and three are not well-taken and are overruled.

*Judgment affirmed.*

ABELE and STEPHENSON, JJ., concur.