**SCHRAFF, Successor Trustee,**

v.

**HARRISON, Former Trustee, et al.** █

Court of Common Pleas of Ohio,
Geauga County,
Probate Division.

No. 98PC000084.

Decided Sept. 8, 1998.

*Petersen & Ibold* and *Patricia J. Schraff,* for Patricia J. Schraff, successor trustee of the Testamentary Trust of Winona D. Hamm.

*Bruce Smalheer,* for Robert Michael Harrison, former trustee of the Testamentary Trust of Winona D. Hamm.

*McDonald, Hopkins, Burke & Haber Co., L.P.A.,* and *Jerome W. Cook,* for Western Surety Company.

CHARLES E. HENRY, Judge.

This matter came on for consideration of motions filed by the Western Surety Company requesting the court to reconsider its ruling allowing plaintiff to amend her complaint to include the Western Surety Company as a party-defendant and requesting that the complaint against Western Surety Company be dismissed pursuant to Civ.R. 12(B)(6).

Plaintiff in the above-captioned case has brought an action for concealment against Robert Michael Harrison, former trustee for the testamentary trust of Winona D. Hamm, and Western Surety Company, surety for Robert Michael Harrison. Western Surety Company's grounds for its motions are threefold: (1) the complaint is barred under the doctrine of *res judicata;* (2) the complaint is barred by application of the statute of limitations for bringing a concealment action; and (3) a surety company is not a proper party to a concealment action brought pursuant to Ohio R.C. 2109.50.

This court will address together the first two prongs of Western Surety Company's motions. When reviewing a motion to dismiss brought pursuant to Civ.R. 12(B)(6), the court must, as a matter of law, accept all the allegations contained in the complaint as true. The motion should not be granted unless it appears beyond doubt from a *review of the complaint* that the plaintiff can prove

no set of facts entitling the plaintiff to recovery. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981; *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753.

In the case at hand, it cannot be determined from a review of the complaint alone whether this matter is barred by either the doctrine of *res judicata* or by expiration of the statute of limitations. Additional evidence shall have to be presented to the court extraneous to the complaint for such a review to be made. See *Velotta v. Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147, which held that a motion to dismiss on the bar of the statute of limitations was erroneously granted when the complaint does not conclusively show on its face that the action is barred. Western Surety Company's Rule 12(B)(6) motion shall not be granted on either of its first two grounds.

The third basis for Western Surety Company's motion to dismiss is its claim that a surety is not a proper party to a concealment action brought pursuant to R.C. 2109.50. The amended complaint in the above-captioned case alleges that Robert Michael Harrison is the former trustee of the Testamentary Trust of Winona D. Hamm and that Western Surety Company is the surety of Robert Michael Harrison. The complaint alleges in Count I that Robert Michael Harrison has neglected and refused to deliver trust assets to the successor trustee and that he has converted a portion of the trust assets to his own use. For purposes of reviewing West Surety Company's Civ.R. 12(B)(6) motion, the court presumes that these allegations are true as a matter of law.

R.C. 2109.11 governs bond conditions of testamentary trustees. The bond of a testamentary trustee contains the following condition:

"(B) To administer and distribute according to law and will of the testators all money, chattels, rights, credits, and real estate belonging to the trust that come to the possession of the trustee or to the possession of any other person for him." R.C. 2109.11(B).

Clearly, if the allegations contained in the amended complaint are true, this condition of the former trustees bond has been breached, and Western Surety Company shall become liable to the trust as the former trustee's surety.

The real question raised by Western Surety Company's motion is whether a concealment action brought pursuant to R.C. 2109.50 is a proper proceeding to determine the liability of a surety for the breach of duty of the fiduciary.

This court has not found a wealth of either statutory law or case law that assists the court in deciding this question. Western Surety Company correctly points out that R.C. 2109.50 makes no provisions for joining the trustee's surety

as a party to the proceedings, and R.C. 2109.52 makes provisions only for recovering assets from persons who have wrongfully converted assets of the estate.

■ Case law interpreting the obligation of a surety provides that an action against a surety is commenced only after the liability of the fiduciary is established by the probate court. The liability of the fiduciary is determined by settlement of the fiduciary's account. *Newton v. Hammond* (1882), 38 Ohio St. 430, 1882 WL 97; see *Treasurer of Pickaway for Use of Oulrey v. Hall* (1827), 3 Ohio 225, 1827 WL 44, which held that an heir cannot sustain an action against a surety until the fiduciary accounts are settled with the court; see, also, *Cadwallader v. Longley* (1857), 12 Ohio Dec.Rep. 756, 1 Disn. 497, which held that before a surety can be liable, the liability of the principal must first be established, and *Schwab v. Rappold* (1883), 12 W.L.B. 197, which held that an action on a guardian's bond cannot be maintained against a surety until the amount owed by the fiduciary is determined by the probate court after settlement of the fiduciary's account.

■ This court finds that a surety is not a proper party to a concealment action brought pursuant to R.C. 2109.50. This cause of action is available against "any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate." R.C. 2109.50.

In essence, a concealment action is a mechanism for recovering assets that have been wrongfully converted by any person.

■ The proper method of determining the liability of a fiduciary for purposes of triggering the liability of a surety on its bond is to settle the account of the fiduciary. If a fiduciary fails or refuses to file an account, it is the obligation of a successor fiduciary appointed by the court to file an account for the former fiduciary.[1] Once the liability of the former fiduciary has been determined by the probate court, it is appropriate to commence a surcharge action against the surety on the former fiduciary's bond.

---

1. It should be noted that the Supreme Court in *Newton* recognized that if a fiduciary fails or refuses to comply with his statutory obligation to file an accounting his liability can be determined by default. *Newton* at 433; see, also, *Schwab* at 197. The Eleventh District Court of Appeals has rejected the proposition that a fiduciary's obligation can be determined by default in such a situation and has ruled that there must actually be a showing of negligence before liability can be attached to a fiduciary. *In re Testamentary Trust of Hamm* (Dec. 1, 1997), Eleventh District No. 96–G–2022, unreported, at 11, 1997 WL 751998.

This court finds Western Surety Company's Civ.R. 12(B)(6) motion to be well taken on grounds that the probate court lacks subject matter jurisdiction to issue judgment against a surety in an action brought pursuant to R.C. 2109.50. Said motion is granted, and Western Surety Company is dismissed as a party to this proceeding.

The court orders that this matter come on for final pretrial on the 13th day of October, 1998 at 9:00 a.m.

Notice is given that this order may be an appealable order.

*Judgment accordingly.*