[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY AND OPINION
In his January 4, 2001 motion for reconsideration of this court's December 28, 2000 opinion, Drozeck has asked this court to reconsider its ruling with regard to his fraud claim. Based upon the following discussion, we grant the motion and affirm the dismissal of the "fraudulent overcharge" claim for reasons different from those stated at page 12 of the opinion.
In his motion for reconsideration, Drozeck points out that a cause of action for fraud accrues when the fraud is discovered, R.C. 2305.09, and that dismissal is improper when "the complaint does not conclusively show on its face action is barred by the statute of limitations," Velotta v. Leo Petronzio Landscaping, Inc. (1982), 69 Ohio St.2d 376, 433 N.E.2d 147, paragraph three of the syllabus (applying Civ.R. 12(B)). He argues that, because nothing in the pleadings indicate when the "fraudulent overcharge" was discovered, this court erred in concluding that the four-year limitation period contained in R.C. 2305.09 bars his claim. We agree with this proposition; however, Drozeck's third amended complaint does not state such a claim with particularity as required by Civ.R. 9(B).
Civ.R. 9(B) provides that when a complainant alleges a claim for fraud or mistake, "the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally." A claim of "[f]raud consists of six elements: a representation of a fact, which is material, made falsely — either with knowledge of its falsity or utter disregard and recklessness as to falsity — with an intent to mislead, with justifiable reliance thereupon, and a resulting injury." Tokles Son, Inc. v. Midwestern Indem. Co. (1993) , 65 Ohio St.3d 621,632, 605 N.E.2d 936, citing Chem. Bank of New York v. Neman (1990),52 Ohio St.3d 204, 208, 556 N.E.2d 490, 495; accord Full Life Church on God in Christ Inc. v. Church Mut. Ins. Co. (Dec. 14, 2000), Cuyahoga App. No. 77990, unreported, quoting Gaines v. Preterm-Cleveland, Inc. (1937) , 33 Ohio St.3d 54, 55, 514 N.E.2d 709.
The third amended complaint does not satisfy the requirement that fraud be pleaded with particularity. It contains no averments of Lawyers Title's state of mind and, therefore, it does not satisfy the requirements of Civ.R. 9(B) for a fraud-based claim. Rather, the face of the complaint affirmatively shows that the claim Drozeck refers to as "fraudulent overcharge" is labeled "overcharge" and is essentially the same as those claims labeled "unjust enrichment" and "money had and received." The discovery rule does not apply to unjust enrichment claims. See Palm Beach Co. v. Dun Bradstreet, 106 Ohio App.3d 167,175, 665 N.E.2d 718 (1995). Like our disposition of Drozeck's second assignment of error, the "overcharge" claim also would be barred under the six-year limitation period set for in R.C. 2305.07.
LEO M. SPELLACY, J. and ANNE L. KILBANE, J. CONCUR.