OPINION
{¶ 1} Plaintiffs-appellants Darleen M. Lansing, et al., appeal the March 19, 2002 Judgment Entry of the Stark County Court of Common Pleas which granted defendants-appellees' motions to dismiss.
 STATEMENT OF THE CASE {¶ 2} The procedural history of this case is long and tortured. However, because this appeal involves only the trial court's grant of appellees' motions to dismiss appellants' amended complaint pursuant to Civ.R. 12(B)(6), we set forth only the procedural history relative thereto.
 {¶ 3} Appellants filed an amended complaint against appellants on November 26, 2001, alleging various claims. On December 19, 2001, appellee Hybud Equipment Corp. filed its motion to dismiss the Lansing family's amended complaint pursuant to Civ.R. 12(B)(6) because it failed to state a claim upon which relief can be granted. A memorandum of law in support was attached.
 {¶ 4} Appellee Bridgestone/Firestone, Inc., fka Firestone Tire Rubber Co., Goodyear Tire Rubber Co., including the former Goodyear Aerospace Corp., and Loral Corp. filed their motion to dismiss the claims of the Lansing plaintiffs' amended complaint on December 24, 2001. Specifically, these appellees moved the court to dismiss appellants' claims pursuant to Civ.R. 12(B)(6) because they were time barred and not saved by any procedural rule or statute. A brief in support of their motion was attached.
 {¶ 5} On December 26, 2001, appellee Goodrich Corp. fka B.F. Goodrich, moved to dismiss the Lansing plaintiffs' claims pursuant to Civ.R. 12(B)(6) because the claims were time barred. A memorandum in support was attached.
 {¶ 6} On January 7, 2002, appellees TDY Industries, Inc., successor to certain liabilities of Teledyne Monarch Rubber Co., Waste Management of Ohio, Inc., and Laidlaw Waste Systems, Inc., filed a motion to dismiss the claims of the Lansing plaintiffs' amended complaint pursuant to Civ.R. 12(B)(6) because they were time barred.
 {¶ 7} On January 7, 2002, appellants filed their brief in response to appellees' motions for dismissal, asserting the statute of limitations is a factual determination. A memorandum was attached.
 {¶ 8} Between January 7, 2002, and the trial court's March 19, 2002 Judgment Entry, which is the subject of this appeal, numerous other motions were filed relative to an earlier judgment entry of the trial court filed October 9, 2001, including appellants' motion to reconsider that judgment. In that judgment entry, the trial court granted appellees' separate motions to dismiss appellants' complaint filed August 3, 2001. In the October 9, 2001 Judgment Entry, the trial court did not make a determination there was no just cause for delay.
 {¶ 9} In its March 19, 2002 Judgment Entry, the trial court stated: "Pursuant to this Court's October 9, 2001 Entry, the Lansing Plaintiffs' amended complaint is time barred, and the Lansing Plaintiffs have previously taken advantage of the Ohio Savings statute. Therefore, this Court finds the moving defendants' motions to dismiss are well taken." Judgment Entry at 2, unpaginated. The trial court ordered the motions to dismiss granted and denied appellants' motion for reconsideration. The trial court made an express determination there was no just cause for delay.
 {¶ 10} It is from the March 19, 2002 Judgment Entry appellants prosecute their appeal, assigning as error:
 {¶ 11} "I. THE TRIAL COURT ERRED GRANTING THE APPELLEES' MOTIONS TO DISMISS THE APPELLANTS' AMENDED COMPLAINT."
 I {¶ 12} Appellees' motions to dismiss pursuant to Civ.R. 12(B)(6) all asserted appellants' amended complaint failed to state a claim upon which relief could be granted. When reviewing a trial court's grant of a Civ.R. 12(B)(6) motion to dismiss, are standard of review is de novo.Greeley v. Miami Valley Maintenance Contrs., Inc. (1990),49 Ohio St.3d 228, 229, 551 N.E.2d 981. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty.Bd. of Commrs. d(1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. Therefore, the court will determine only whether the allegations contained in the complaint are legally sufficient to state a claim. Id. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991), 57 Ohio St.3d 56, 60,565 N.E.2d 584.
 {¶ 13} In Velotta v. Leo Petronzio Landscaping, Inc. (1982),69 Ohio St.2d 376, the Ohio Supreme Court held: "A motion to dismiss based on the bar of the statute of limitations is erroneously granted when the complaint does not conclusively show on its face the action is barred by the statute of limitations." Id., syllabus par 3.
 {¶ 14} We have reviewed appellants' complaint filed November 26, 2001. It does not recite the procedural history of appellants' prior lawsuits. We agree with appellants the complaint does not conclusively show, on its face, the action is barred by the statute of limitations.
 {¶ 15} In its October 9, 2001 Judgment Entry, the trial court relied on appellants' previous litigation history in reaching its decision to grant appellees' motions to dismiss appellants' August 3, 2001 complaint. The trial court reaffirms its October 9, 2001 Judgment Entry in its March 19, 2002 Judgment Entry granting appellees' motions to dismiss appellants' amended complaint. Because the basis of the trial court's ruling is the appellants' prior litigation history, which history does not appear within the four corners of the amended complaint, we find the trial court erred in granting appellees' motions to dismiss under Civ.R. 12(B)(6).
 {¶ 16} We are cognizant of appellants' response the trial court can take judicial notice of prior lawsuits filed in its own court. While we agree with this proposition, the taking of judicial notice involves consideration of evidence outside the complaint. Before the trial court was authorized to consider the prior litigation history of the parties, it was required to notify all the parties at least fourteen days prior to the time it fixed for hearing if were converting appellees' motions to dismiss for failure to state a claim into motions for summary judgment.Petrey v. Simon (1983), 4 Ohio St.3d 154. The trial court neither fixed a hearing date nor notified the parties it was converting the motions to dismiss into motions for summary judgments.
 {¶ 17} Furthermore, Civ.R. 12(B)(6) limits consideration of matters outside the pleadings to those specifically enumerated in Civ.R. 56. Consideration of evidence taken by judicial notice is not specifically enumerated in Civ.R. 56(C).
 {¶ 18} Appellant's sole assignment of error is sustained.
 {¶ 19} The judgment of the Stark County Court of Common Pleas is reversed.
By: Hoffman, P.J., Farmer, J. and Edwards, J. concur.
topic: 12(b)(6) conversion to summary judgment requires notice to parties.