OPINION
{¶ 1} Vaughn M. Bliss, Sheila K. Bliss, and Barbara L. Shepherd (hereinafter collectively referred to as "the Blisses") appeal from a judgment of the Clark County Court of Common Pleas, which granted the motion of Fairmont Homes, Inc. ("Fairmont") to dismiss their complaint on the grounds that the claims contained therein were barred by the applicable statutes of limitations.
 {¶ 2} On November 10, 1995, the Blisses purchased a home manufactured by Fairmont from Marcus's Fieldbrook, Inc. ("Marcus").[1]
Also on November 10, 1995, the home was placed upon a base constructed by Rose Garden Manufactured Home Park ("Rose Garden"), and Mr. and Mrs. Bliss moved into the home. According to their complaint, the home began to leak and experience electrical problems and bowed walls and ceiling shortly after they moved in. Although Marcus and Fairmont were notified of the defects in the home, the problems were not resolved.
 {¶ 3} On June 21, 2002, the Blisses filed a complaint against Fairmont, Marcus, and Rose Garden alleging negligence, breach of the implied warranties of merchantability and fitness for a particular purpose, breach of the express warranty provided by Fairmont, violation of the Magnuson Moss Warranty Act, and violation of the Ohio Consumer Sales Practices Act. On September 3, 2002, Fairmont filed a motion to dismiss, arguing that the Blisses' claims were barred by the applicable statutes of limitations. The Blisses filed a memorandum in opposition on October 4, 2002. On October 9, 2002, the trial court dismissed the Blisses' complaint.
 {¶ 4} The Blisses appeal, raising two assignments of error, which we will discuss together.
 {¶ 5} "I. The court below erred in determining that each of the applicable statutes of limitations began to run no later than November 20, 1996.
 {¶ 6} "II. The court below erred in dismissing the complaint pursuant to Rule 12(B)(6) of the Ohio Rules of Civil Procedure where the complaint does not conclusively show on its face that the action is barred by the applicable statute of limitations."
 {¶ 7} The Blisses argue that the trial court erred in dismissing their complaint on statute of limitations grounds because the complaint did not state that all the defects manifested within one year following delivery of the home.
 {¶ 8} The supreme court has stated that "a motion to dismiss a complaint under Civil Rule 12(B) which is based upon the statute of limitations is erroneously granted where the complaint does not conclusively show on its face that the action is barred by the statute of limitations." Velotta v. Leo Petronzio Landscaping, Inc. (1982),69 Ohio St.2d 376, 379, 433 N.E.2d 147.
 {¶ 9} The relevant portions of the complaint are as follows:
 {¶ 10} "8. Soon after installation, the home began to leak through doors and windows. In addition, the home has bowed walls and ceilings, electrical problems, and other significant deficiencies.
 {¶ 11} "* * *.
 {¶ 12} "15. Plaintiffs provided notice to Marcus and Fairmont of the defects in their home within one year after its delivery, but Marcus and Fairmont have not repaired the same."
 {¶ 13} Based upon this language, the trial court concluded that the Blisses' causes of action accrued, at the latest, by November 10, 1996, one year after they took possession of the home. The statutes of limitations on the Blisses' claims ranged from two to four years: two years on the Ohio Consumer Sales Practices Act claim, R.C. 1345.10(C) and four years on the negligence claim, R.C. 2305.09, breach of warranty claims, R.C. 1302.98(A), and Magnuson Moss Warranty Act claim, seeAnderson v. Buckeye Ford (July 15, 1981), Lorain App. No. 3109; Adams v.Primax Window Co., Inc. (Aug. 9, 1999), Warren App. No. CA99-01-004; R.C. 1302.98. Thus, the Blisses would have needed to file their complaint by November 10, 1998 on the Ohio Consumer Sales Practices Claim and November 10, 2000 on the negligence, breach of warranty, and Magnuson Moss Warranty Act claim. As the Blisses' complaint was not filed until June 21, 2002, it was filed well after the last statute of limitations had run.
 {¶ 14} The Blisses contend that they did not discover all of the defects within the first year and that, pursuant to the "discovery rule," the statute of limitations on some of the claims would not have begun to run by November 10, 1996. They note that the complaint is vague as to when defects were discovered. They argue that, because the complaint does not state that all of the defects were discovered within a year, it can be inferred that some were discovered later. However, there is no support for this in the complaint.
 {¶ 15} We believe that the only inference that can be drawn from the language in the complaint is that any and all defects were discovered within the first year. The complaint states that various problems appeared shortly after the Blisses moved into the home on November 10, 1995 and that the Blisses notified Marcus and Fairmont of the defects within a year. The complaint does not state that any defects appeared after November 10, 1996 nor does it state that Marcus and Fairmont were notified of only some of the defects that eventually appeared. Vague though the complaint is, we see no way that the language could be interpreted to allow for the appearance of defects later than November 10, 1996. Furthermore, we note that the proper remedy would have been for the Blisses to seek leave to amend their complaint to state that defects continued to appear after the first year. The Blisses never sought to do so, and they have never stated any specifics regarding the defects that they contend appeared after November 10, 1996. The Blisses are the parties that would know of any such specifics, and they had an obligation to state those specifics at the trial court level. As the complaint stands, it references only defects that appeared by November 10, 1996.
 {¶ 16} As a practical matter, we note that the Blisses first filed a complaint relating to this matter in 1997. They concede that their 2002 complaint "is identical to [their] 1997 complaint" except that it added Shepherd as a plaintiff. Therefore, it would appear that the Blisses concede that their causes of actions had accrued by May of 1997 at the latest. Even using this later date, the longest statute of limitations had still run by June 21, 2002.
 {¶ 17} Accordingly, we conclude that the trial court did not err in dismissing the Blisses' complaint.
 {¶ 18} The first and second assignments of error are overruled.
 {¶ 19} The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.
[1] The contract for the purchase of the home was entered into by Shepherd and her husband, who is now deceased, for the purpose of providing their daughter and her husband, Mr. and Mrs. Bliss, with a home because they could not obtain financing on their own. The title to the home was in the names of Mr. and Mrs. Bliss.