[Cite as *Lindsey v. Schuler*, 2012-Ohio-3675.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JINNY L. LINDSEY, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11-MA-205 |
| | ) | |
| SHARON SCHULER, ET AL., | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 08CV2771 |
| JUDGMENT: | Affirmed |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | Atty. Michael P. Marando P.O. Box 9070 Youngstown, Ohio 44513 |
| For Defendant-Appellant | Atty. Shelli Ellen Freeze 1714 Boardman-Poland Rd., Suite 11 Poland, Ohio 44514 |

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: August 6, 2012

DONOFRIO, J.

{¶1} Defendant-appellant Sharon Schuler appeals from the Mahoning County Common Pleas court decision ruling that her claims were barred by the statute of limitations and were not saved by the savings statute (R.C. 2305.19).

{¶2} On May 14, 2008, Schuler and plaintiff-appellee Jinny Lindsey were involved in a car accident. Schuler was originally cited, but the charge was later dismissed. On July 8, 2008, Lindsey sued Schuler alleging personal injuries due to Schuler's negligence and seeking money damages. Schuler filed a counterclaim Lindsey for her alleged personal injuries and sought money damages on August 26, 2008. As part of Schuler's counterclaim, her husband, Earl Schuler, sought to interplead into the case for loss of consortium.

{¶3} On March 18, 2009, Lindsey filed a notice of voluntary dismissal. The court dismissed her action against Schuler without prejudice on April 1, 2009. On November 18, 2009, Schuler filed a notice of voluntary dismissal of her claims.

{¶4} Almost a year later and with the statute of limitations having already expired on May 14, 2010, Schuler renewed her counterclaim with interpleader against Lindsey on November 16, 2010, under the same case and case number in which both parties had earlier voluntarily dismissed their actions. On November 23, 2010, Schuler filed an amended complaint for money damages, jury demand, and written instructions. Thereafter, Lindsey filed a motion to dismiss and Schuler filed a response.

{¶5} Then, on November 30, 2011, the trial court granted Lindsey's motion to dismiss and dismissed Schuler's action with prejudice. The court acknowledged that Schuler's August 26, 2008 original counterclaim with interpleader was timely. Pursuant to the savings statute, the court reasoned that Schuler was then required to commence a "new" action within one year of the dismissal of her original counterclaim (November 18, 2009) or before the expiration of the statute of limitations (May 14, 2010), whichever is later. The court then stated that since the statute of limitations had expired on May 14, 2010, Schuler had until November 18, 2010 to commence a "new" action. The court then addressed Schuler's November

16, 2010 refiled counterclaim and her November 23, 2010 amended complaint separately.

**{¶6}** Apparently construing Schuler's November 23, 2010 amended complaint as a "new" action, the court then noted that Schuler did not file it until after November 18, 2010 and, therefore, was barred by the statute of limitations. As for Schuler's November 16, 2010 refiled counterclaim, the court noted that it had been filed under the same, original case where both parties had voluntarily dismissed their actions. The court concluded that Schuler's attempt to refile her counterclaim in a closed case did not amount to commencing a "new" action and, therefore, did not garner the protection of the savings statute.

**{¶7}** The trial court also dismissed Schuler's husband's loss of consortium claim as barred under the statute of limitations since his claim was derivative to Schuler's counterclaim. This appeal followed.

**{¶8}** Schuler's sole assignment of error states:

The trial court erred by ruling that the Appellant's claims were barred by the applicable statute of limitations; when amendments to a pleading are made that relate to the same claims set forth or attempted to be set forth in a previous pleading, the amendment relates back to the date of the original pleading.

**{¶9}** Schuler argues that under Civ.R. 15, her claims that were filed on November 23, 2010 relate back to the counterclaim and interpleader filed on November 16, 2010, two days before the expiration of the savings statute under R.C. 2305.19. Schuler states Civ.R. 15 allows the pleading to be amended once as a matter of course at any time before a responsive pleading is served or within twenty-eight days after it is served, which would have allowed her to amend the pleading filed on November 16, 2010. Furthermore, Schuler contends that her November 16, 2010 pleading contained all that is required by Civ.R. 8 to commence an action and, thus, a new action was commenced.

{¶10} Lindsey argues that Schuler filed a claim that related back to the original case and, therefore, Schuler had only until November 18, 2010, a year after the notice of voluntary dismissal was filed to commence a new action. Thus, Lindsey claims Schuler filed a counterclaim to the original case on November 16, 2010 and not a new action. Lindsey concludes that Schuler was barred from bringing any claim after November 18, 2010 under R.C. 2305.19.

{¶11} "A Civ.R. 12(B)(6) motion to dismiss based upon a statute of limitations should be granted only where the complaint conclusively shows on its face that the action is so barred. *Velotta v. Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 379, 23 O.O.3d 346, 348, 433 N.E.2d 147, 150-151. To conclusively show that the action is time barred, the complaint must demonstrate both (1) the relevant statute of limitations, and (2) the absence of factors which would toll the statute, or make it inapplicable. *Tarry v. Fechko Excavating, Inc.* (Nov. 3, 1999), Lorain App. No. 98-CA-7180, unreported, 1999 WL 1037755." *Helman v. EPL Prolong, Inc.*, 139 Ohio App. 3d 231, 241, 2000-Ohio-2593, 743 N.E.2d 484 (7th Dist.2000).

{¶12} In this case, the statute of limitations for Schuler's claim was two years, expiring on May 14, 2010. R.C. 2305.10.

{¶13} The savings statute provides:

In any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

R.C. 2305.19.

{¶14} The Ohio Supreme Court has explained how the savings statute works:

This statute, the savings statute, is not a statute of limitations. Neither is R.C. 2305.19 a tolling statute extending the period of a

statute of limitations. R.C. 2305.19 can have no application unless an action was timely commenced, was dismissed without prejudice, *and the applicable statute of limitations had expired by the time of such dismissal.*

(Emphasis added.) *Reese v. Ohio State Univ. Hosp.*, 6 Ohio St.3d 162, 163, 451 N.E.2d 1196 (1983). *Accord Lewis v. Connor*, 21 Ohio St.3d 1, 4, 487 N.E.2d 285 (1985). Additionally, "[a] voluntary dismissal pursuant to Civ.R.41(A)(1) constitutes a failure otherwise than upon the merits within the meaning of the savings statute R.C. 2305.19." *Frysinger v. Leech*, 32 Ohio St.3d 38, 512 N.E.2d 337 (1987), paragraph two of the syllabus.

{¶15} As explained in *Reese*, R.C. 2305.19 only applies if a claim is timely commenced and then is voluntarily dismissed *after* the expiration of the statute of limitations. Here, Schuler voluntarily dismissed her original counterclaim on November 18, 2009, well *before* the May, 14, 2010 expiration of the statute of limitations. Therefore, the trial court's focus on whether Schuler's November 16, 2010 refiled counterclaim and her November 23, 2010 amended complaint were "new" actions within the meaning of the savings statute was misplaced – the savings statute has no application to this case since the statute of limitations had yet to expire before Schuler voluntarily dismissed her original counterclaim. Schuler was free to refile her counterclaim before the May 14, 2010 expiration of the statute of limitations, but did not do so. And since Schuler voluntarily dismissed her original counterclaim before the expiration of the statute of the limitations and not after, her case was ineligible to receive the extended protection of the savings statute.

{¶16} Despite the trial court's analysis of the savings statute, it ultimately reached the correct conclusion that Schuler's action was time-barred. "When a trial court reaches a correct conclusion, even when it does so for incorrect reasons, its judgment must be affirmed. See, e.g., *State v. Campbell*, 90 Ohio St.3d 320, 329, 738 N.E.2d 1178 (2000)." *Kelly v. May Assoc. Fed. Credit Union*, 9th Dist. No. 23423, 2008-Ohio-1507, ¶20.

{¶17}  Accordingly, Schuler's sole assignment of error is without merit.

{¶18}  The judgment of the trial court is affirmed.

Waite, P.J., concurs.

DeGenaro, J., concurs.