[Cite as *Seniah Corp. v. Buckingham, Doolittle & Burroughs, LLP*, 2014-Ohio-4370.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SENIAH CORPORATION | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2014CA00013 |
| | : | |
| BUCKINGHAM, DOOLITTLE & | : | |
| BURROUGHS, LLP, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas, Case No.
2013CV00527

JUDGMENT:                    REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:      September 29, 2014

APPEARANCES:

For Plaintiff-Appellant:                For Defendant-Appellee:

BRADLEY J. BARMEN                       LEE E. PLAKAS
THOMAS P. MANNION                       MARIA C. KLUTINOTY EDWARDS
ALLISON E. HAYES                        Tzangas, Plakas, Mannos, Ltd.
Mannion & Gray Co., L.P.A.              220 Market Ave. South, 8th Floor
1375 E. 9th St., 16th Floor             Canton, OH 44702
Cleveland, OH 44114

*Delaney, J.*

{¶1}   Plaintiff-Appellant Seniah Corporation appeals the June 4, 2013 judgment entry of the Stark County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On February 19, 2013, Plaintiff-Appellant Seniah Corporation filed a complaint in the Stark County Court of Common Pleas naming Buckingham, Doolittle & Burroughs, LLP, Patrick J. Keating, and Joshua Berger as Defendants. Defendants-Appellees Patrick J. Keating and Joshua Berger were attorneys with the law firm of Buckingham, Doolittle, & Burroughs, LLP. The complaint alleged Keating and Berger committed legal malpractice relating to their representation of Seniah Corporation during a foreclosure action and a Chapter 11 Bankruptcy proceeding. Attached to the complaint were orders and motions from the United States Bankruptcy Court.

{¶3}   Buckingham, Doolittle & Burroughs, LLP filed an answer to the complaint.

{¶4}   Keating and Berger filed a Motion to Dismiss on April 26, 2013. The motion to dismiss argued that pursuant to Civ.R. 12(B)(6), Seniah Corporation could prove no set of facts entitling it to relief because the applicable statute of limitations for a legal malpractice expired prior to the filing of the complaint. Keating and Berger noted Seniah Corporation filed its complaint for legal malpractice on February 19, 2013. They argued the complaint stated two cognizable events whereby Seniah Corporation could have discovered the legal malpractice. Those events, however, were beyond the one-year statute of limitations. Keating and Berger also argued Seniah Corporation could not rely upon the termination of the attorney-client relationship to determine the statute of

limitations because the complaint failed to state any facts as to the attorney-client relationship termination.

{¶5} On May 13, 2013, Seniah Corporation filed a "Brief in Opposition to Defendants' Motion to Dismiss, or in the Alternative, Motion for Leave to Amend Complaint, Instanter." In support of its opposition to the motion to dismiss, Seniah Corporation argued the complaint was timely filed based on a Tolling Agreement entered into between Seniah Corporation and Buckingham, Doolittle & Burroughs, LLP on October 3, 2012. Seniah Corporation attached the Tolling Agreement to the May 13, 2013 motion as Exhibit A. Seniah Corporation also attached correspondence between the parties as exhibits to further support its opposition to the motion to dismiss. In the alternative, Seniah Corporation moved for leave of court to amend its complaint pursuant to Civ.R. 15(A). The amended complaint was attached to the motion as Exhibit G. Seniah Corporation attached to the amended complaint the additional exhibits it used in support of its opposition to the motion to dismiss.

{¶6} Keating and Berger filed a reply to their motion to dismiss.

{¶7} On June 4, 2013, the trial court issued its judgment entry granting the motion to dismiss. In its judgment entry, the trial court agreed with the argument of Keating and Berger that the complaint was filed outside of the one-year statute of limitations. The trial court referred to the factual allegations in the complaint to find Seniah Corporation could prove no set of facts warranting recovery. The trial court further found the Tolling Agreement, which was attached to Seniah Corporation's brief in opposition to the motion to dismiss, did not serve to extend the statute of limitations for filing the legal malpractice complaint. The trial court found the Tolling Agreement was

not signed by Keating or Berger and therefore was not binding upon those parties per the language of the Tolling Agreement.

{¶8} On June 12, 2013, Buckingham, Doolittle & Burroughs, LLP filed a motion for judgment on the pleadings.

{¶9} Seniah Corporation filed a motion for relief from judgment. An oral hearing was held on the motion on December 2, 2013.

{¶10} Berger was dismissed as a party-defendant.

{¶11} On December 19, 2013, the trial court denied Seniah Corporation's motion for relief from judgment. The trial court also granted the motion for judgment on the pleadings filed by Buckingham, Doolittle & Burroughs, LLP via judgment entry on January 13, 2014.

{¶12} On January 28, 2014, Seniah Corporation appealed the June 4, 2013 judgment entry of the Stark County Court of Common Pleas.

**ASSIGNMENT OF ERROR**

{¶13} Seniah Corporation raises one Assignment of Error:

{¶14} "THE TRIAL COURT ERRED BY GRANTING APPELLEES' CIV.R. 12(B)(6) MOTION TO DISMISS."

**ANALYSIS**

Motion to Dismiss

{¶15} Seniah Corporation argues the trial court erred in granting the Civ.R. 12(B)(6) motion to dismiss. We agree.

{¶16} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d

981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Comm.,* 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

{¶17} When considering a motion to dismiss under Civ.R. 12(B)(6), the trial court cannot rely upon evidence or materials outside of the complaint. *Shearer v. Echelberger*, 5th Dist. Ashland No. 00-COA-01368, 2000 WL 1663626 (Oct. 30, 2000). Civ.R. 12(B) states in pertinent part: "* * * When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."

{¶18} A motion to dismiss based upon a statute of limitations may be granted only when the complaint shows conclusively on its face that the action is time-barred. *Velotta v. Leo Petronzio Landscaping, Inc.,* 69 Ohio St.2d 376, 346, 433 N.E.2d 147 (1982), paragraph three of the syllabus. In the trial court's June 4, 2013 judgment entry granting the motion to dismiss, the trial court found the factual allegations in the complaint showed the complaint was filed outside the statute of limitations. The trial court also found the Tolling Agreement did not extend the statute of limitations.

{¶19} The Tolling Agreement was not filed with the complaint. The Tolling Agreement was provided as an exhibit to Seniah Corporation's brief in opposition to the motion to dismiss and therefore, it was outside the four corners of the complaint.

{¶20} In order to consider matters outside of the four corners of the complaint, Civ.R. 12(B) permits the trial court to convert the motion to dismiss to a motion for summary judgment. However, in the case sub judice, the trial court did not convert this matter to a motion for summary judgment and expressly stated that this matter was being considered as a motion pursuant to Civ.R. 12(B)(6). It is apparent from the judgment entry of the trial court that it considered matters outside of the complaint. In order to consider matters outside of the complaint, the trial court should have converted this matter to a motion for summary judgment. Because the trial court did not do so, the trial court erred in granting the motion to dismiss on the basis of Civ.R. 12(B)(6) and documentation outside of the complaint. Seniah Corporation's sole Assignment of Error is sustained.

## Leave to Amend Complaint

{¶21} Seniah Corporation raised only one Assignment of Error that argued the trial court erred in granting the Civ.R. 12(B)(6) motion to dismiss. As an "issue presented for review" under the Assignment of Error, Seniah Corporation stated the trial court erred when it dismissed Seniah Corporation's complaint without granting leave to amend its complaint.

{¶22} Civ.R. 15(A) permits a party to amend a pleading as a matter of right any time before a responsive pleading is served. *State ex rel. Hanson v. Guernsey Cty. Bd. of Comm.* 65 Ohio St.3d 545, 549, 605 N.E.2d 378 (1992). Under Civ.R. 7(A), only

complaints, answers, and replies constitute pleadings. A Civ.R. 12(B)(6) motion is not a pleading under the rules. *State ex rel. Hanson, supra.*

{¶23} A review of the record shows the trial court did not deny by specific judgment entry Seniah Corporation's motion for leave to amend its complaint. In its December 19, 2013 judgment entry denying Seniah Corporation's motion for relief from judgment, the trial court stated it considered but did not grant the motion for leave to amend the complaint because the Tolling Agreement did not extend the statute of limitations.

{¶24} Seniah Corporation did not appeal the December 19, 2013 judgment entry where the trial court specifically stated it denied the motion for leave to amend, nor did Seniah Corporation separately assign the decision as error. Under the Appellate Rules, there is no assignment of error for this court to sustain or overrule as to the motion for leave to amend.

**CONCLUSION**

{¶25} The judgment of the Stark County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion and law.

By: Delaney, J.,

Gwin, P.J. and

Farmer, J., concur.