JONES et al., Appellants,

v.

CENTEX HOMES, Appellee.   (Two cases.)

[Cite as *Jones v. Centex Homes,* 189 Ohio App.3d 668, 2010-Ohio-4268.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–1032.

Decided Sept. 9, 2010.

Steve J. Edwards, for appellants.

Vorys, Sater, Seymour & Pease, L.L.P., Michael G. Long, and Jonathan P. Corwin, for appellee.

BROWN, Judge.

{¶ 1} In these consolidated appeals, plaintiffs-appellants, Paul Jones, Eric Estep, and Latosha Sanders, appeal from a judgment of the Franklin County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Centex Homes.

{¶ 2} On August 25, 2004, appellant Eric Estep entered into a real estate sale agreement with Centex, a builder, in which Centex agreed to sell Estep a newly constructed single-family home located at 7488 Hemrich Drive, Canal Winchester, Ohio. On October 30, 2004, appellants Paul Jones and Latosha Sanders entered into a similar agreement with Centex for a newly constructed single-family home

located at 7489 Hemrich Drive, Canal Winchester. Each of the agreements included a limited home warranty.

{¶ 3} On February 20, 2007, appellants filed complaints against Centex, alleging causes of action for breach of contract, breach of express and implied warranties, negligence, and failure to perform in a workmanlike manner. In both complaints, appellants alleged that "the metal floor members on the 2nd floor were magnetized," resulting in interference with televisions, telephones, and computers.

{¶ 4} On November 27, 2007, Centex filed motions for summary judgment against appellants. Appellants filed responses to the motions for summary judgment and attached supporting affidavits. The cases were consolidated for determination pursuant to an order of the trial court filed on April 30, 2008.

{¶ 5} By entries filed October 20, 2009, the trial court granted summary judgment in favor of Centex on appellants' claims. More specifically, the court found that appellants "agreed to waive any claims for property damage other than claims covered under the Limited Home Warranty" and therefore could "only proceed on a claim for breach of the Limited Home Warranty." Based upon a determination that "the Limited Home Warranty does not cover the magnetization of the steel framing," the court found that Centex was entitled to summary judgment as to all of appellants' claims.

{¶ 6} Appellants filed timely appeals, and this court sua sponte filed an entry consolidating the two appeals. On appeal, appellants set forth the following assignment of error for this court's review:

The trial court erred to the prejudice of Plaintiffs–Appellants in granting Defendant–Appellee['s] Motion for Summary Judgment.

{¶ 7} Appellants challenge the trial court's grant of summary judgment in favor of Centex, raising several issues with respect to warranty and waiver language contained in the agreements entered between the parties. Specifically, appellants assert that (1) the limited warranty fails its essential purpose, (2) a waiver of the implied duty to construct a home in a workmanlike manner is against public policy, (3) the language employed in the agreements is insufficient to waive appellants' limited warranties, and (4) the waiver of claims and limitations of remedies should not be enforced on grounds of unconscionability.

{¶ 8} This court reviews de novo a trial court's ruling on summary judgment. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24, citing *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. In accordance with Civ.R. 56(C), "summary judgment shall be granted when the filings in the action, including depositions and affidavits, show

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Bonacorsi* at ¶ 24.

{¶ 9} As noted under the facts, appellants' complaint alleged that Centex breached its duty to perform in a workmanlike manner because the second-floor metal joists had become magnetized, resulting in interference with electric appliances. In Ohio, " '[t]he duty to perform in a workmanlike manner is imposed by common law upon builders and contractors.' " *Hanna v. Groom*, 10th Dist. No. 07AP–502, 2008-Ohio-765, 2008 WL 500530, ¶ 19, quoting *Barton v. Ellis* (1986), 34 Ohio App.3d 251, 252, 518 N.E.2d 18.

{¶ 10} At issue in this case are various provisions of the real estate sale agreement and the Limited Warranty. Paragraph 8 of the sale agreement states, "Seller shall provide its standard Limited Home Warranty covering defects in materials and workmanship as described in the Limited Home Warranty documents." Paragraph 9 of the sale agreement contains a waiver-of-implied-warranties provision:

> Purchasers agree that there are no other warranties either expressed or implied and hereby waive and relinquish any and all implied warranties of habitability and fitness and agree to rely solely on Seller's Limited Home Warranty. Purchasers acknowledge and agree that Seller is relying on this waiver and would not sell the property to Purchasers without this waiver.

{¶ 11} Paragraph 33(D) of the sale agreement states, "Purchasers hereby waive and relinquish all claims against Seller for damages to property or personal injury arising after the date of this contract and relating to * * * [a]ny claims for repairs or modifications to the property except as specifically covered by the Sellers Limited Home Warranty."

{¶ 12} The limited warranty provides, "The Builder makes no housing merchant implied warranty or any other warranties, express or implied, in connection with the attached sales contract or the warranted Home, and all such warranties are excluded, except as expressly provided in this Limited Warranty." Additionally, the limited warranty states, "There are no warranties which extend beyond the face of this Limited Warranty." The limited warranty sets forth one-year, two-year, and ten-year coverage periods for various warranted items, and the document details warranty standards under headings for "category" (i.e., foundations, framing, exterior, interior), "observation[s]" (i.e., cracks, warping, leaks), and "action required" by the builder to correct various warranted items.

{¶ 13} We first address appellants' contention that Ohio law does not allow for waiver of the implied duty to construct a home in a workmanlike manner. Appellants argue that the trial court erred in proceeding under the assumption that this duty could be waived.

{¶ 14} In its decision, the trial court noted that appellants were provided express warranties and that they agreed to waive any claims for property damage other than claims covered under the limited warranty. The trial court cited language from this court's decision in *Hanna*, in which we noted that a builder has a duty to exercise reasonable care to perform in a workmanlike manner " 'absent express or implied warranties as to the quality or fitness of work performed.' " 2008-Ohio-765, 2008 WL 500530, at ¶ 20, quoting *Barton*, 34 Ohio App.3d at 253, 518 N.E.2d 18.

{¶ 15} Appellants acknowledge a lack of Ohio case law on the issue whether the duty implied in law to construct a home in a workmanlike manner can be waived. While appellants contend that this court should hold that the duty cannot be waived, appellants rely upon cases from other jurisdictions holding that such a waiver is valid if it is conspicuous, unambiguous, and fully disclosed. See, e.g., *Bd. of Mgrs. of the Village Ctr. v. Wilmette Partners* (2001), 198 Ill.2d 132, 138, 260 Ill.Dec. 203, 760 N.E.2d 976 (party raising disclaimer of implied warranty of habitability as a defense must show that the disclaimer provision was conspicuous, fully disclosed, and in fact was the agreement reached by the parties); *Heath v. Palmer* (2006), 181 Vt. 545, 915 A.2d 1290 (exclusions or modifications of warranty of habitability and good workmanship must contain clear and unambiguous provision, agreed to by plaintiffs, waiving defendants' liability for defects).

{¶ 16} Based upon this court's own research, it appears that a majority of jurisdictions considering this issue have adopted the view that waiver of the implied warranty of good workmanship is permissible. See *Griffin v. Wheeler–Leonard & Co.* (1976), 290 N.C. 185, 202, 225 S.E.2d 557 ("Without question" a builder-vendor and purchaser could enter into a binding agreement that the implied warranty of workmanlike manner would not apply to a particular transaction); *Belt v. Spencer* (1978), 41 Colo.App. 227, 230, 585 P.2d 922 (warranty that home be built in a workmanlike manner "may be limited by an express provision in the contract between the parties"); *Dixon v. Mountain City Constr. Co.* (Tenn.1982), 632 S.W.2d 538, 542 (adopting doctrine of implied warranty of workmanship but noting that builder-vendors and purchasers are "free to contract in writing for a warranty upon different terms and conditions or to expressly disclaim any warranty"); *O'Mara v. Dykema* (1997), 328 Ark. 310, 319, 942 S.W.2d 854 (implied warranties of habitability, sound workmanship, and proper construction may be excluded); *Tyus v. Resta* (1984), 328 Pa.Super. 11, 476 A.2d 427 (builder-vender can limit or disclaim the implied warranty of reasonable workmanship by clear and unambiguous language).

{¶ 17} Having considered the reasoning of the above authorities, and based upon a review of Ohio case law, we are not persuaded that the law of this state precludes a builder-vendor from offering an express limited home warranty while

disclaiming other warranties implied by law. See *Barton*, 34 Ohio App.3d at 253, 518 N.E.2d 18 (trial court applied the correct standard of law in finding that parties expected work to be performed in a good and workmanlike manner "unless otherwise agreed").

{¶ 18} Appellants alternatively contend that even if waiver is permissible, this court should refuse to enforce waiver because it is against public policy. Appellants argue that the trial court failed to address this argument in its decision.

{¶ 19} In general, "parties have complete freedom to enter into a contract." *Brandon/Wiant Co. v. Teamor* (1998), 125 Ohio App.3d 442, 448, 708 N.E.2d 1024. Thus, in the absence of an "overwhelming public policy concern, the concept of freedom to contract is considered to be fundamental to our society." Id. at 449, 708 N.E.2d 1024, citing *Royal Indemn. Co. v. Baker Protective Servs., Inc.* (1986), 33 Ohio App.3d 184, 515 N.E.2d 5. See also *Stickovich v. Cleveland* (2001), 143 Ohio App.3d 13, 25, 757 N.E.2d 50 ("freedom of contract is the general rule; public-policy limits are the exception"). Further, "[j]udges must apply the doctrine of public policy with caution so as not to infringe on the parties' rights to make contracts that are not clearly opposed to some principle or policy of law." *Teamor* at 448–449, 708 N.E.2d 1024, citing *Lamont Bldg. Co. v. Court* (1946), 147 Ohio St. 183, 185, 70 N.E.2d 447.

{¶ 20} Upon review, we decline to hold that a valid disclaimer violates Ohio public policy. We have noted above that a majority of states permit a disclaimer of the implied duty to construct in a workmanlike manner as long as the disclaimer is clear and unambiguous, and appellants have offered no Ohio authority for the proposition that a clearly disclosed disclaimer of the implied warranty is against the public policy of this state. We further note that case law cited by appellants from outside Ohio supports the view that a knowing waiver is not contrary to public policy. See *Wilmette Partners* at 138, 260 Ill.Dec. 203, 760 N.E.2d 976 (knowing disclaimer of implied warranty of habitability not against public policy).

{¶ 21} Accepting appellants' argument that waiver of an implied warranty must be clear, unambiguous, and conspicuous, we next consider the language of the agreements at issue in addressing appellants' argument that the language was insufficient to waive the warranties. The sale agreement is five pages in length and contains 34 paragraphs. Three of the paragraphs address disclaimer of warranties, and paragraphs 8, 9, and 33 specifically refer to the limited home warranty.

{¶ 22} Paragraph 8 informs the buyer that the "[s]eller shall provide its standard Limited Home Warranty" to purchasers and that copies of the limited warranty are "available for Purchasers['] review in the Sales office and will be

provided to Purchasers upon request." Paragraph 9 of the sale agreement states in part that purchasers agree that there are "no other warranties either expressed or implied" and that purchasers "waive and relinquish any and all implied warranties" and agree to "rely solely on Seller's Limited Home Warranty." That paragraph further provides that purchasers acknowledge that the seller is "relying on this waiver and would not sell the property to Purchasers without this waiver." Additionally, paragraph 33 states: "Purchasers acknowledge that the Seller shall be entitled to rely upon this waiver as a complete bar and defense against any claim asserted by Purchasers."

{¶ 23} Appellants observe, and we agree, that the paragraphs in the sale agreement referring to disclaimer of warranties are not more conspicuous than the other paragraphs. We consider, however, the sale agreement in conjunction with the limited warranty.

{¶ 24} The cover of the limited warranty provides:

*The Builder makes no housing merchant implied warranty or any other warranties, express or implied, in connection with the attached sales contract or the warranted Home, and all such warranties are excluded, except as expressly provided in this Limited Warranty. There are no warranties which extend beyond the face of this Limited Warranty.*

(Emphasis sic.)

{¶ 25} In general, "courts presume that the intent of the parties can be found in the written terms of their contract." *Foley v. Empire Die Casting Co.*, 9th Dist. No. 24558, 2009-Ohio-5539, 2009 WL 3366269, ¶ 12. The terms of a contract are ambiguous "if their meanings cannot be determined from reading the entire contract, or if they are reasonably susceptible to multiple interpretations." Id.

{¶ 26} Here, the language set forth above in the limited warranty is clear and unambiguous and not susceptible to differing interpretations. See, e.g., *Brevorka v. Wolfe Constr., Inc.* (2002), 155 N.C.App. 353, 358, 573 S.E.2d 656 ("The words 'there are no other warranties express or implied' are sufficient to exclude the implied warranty of habitability or workmanlike construction from the parties' transaction"); *Flex Homes, Inc. v. Ritz–Craft Corp.* (N.D.Ohio, Mar. 18, 2008), No. 07cv1005, 2008 WL 746669 ("phrase 'THERE ARE NO OTHER WARRANTIES, EXPRESS OR IMPLIED' clearly disclaims all implied warranties," including implied warranty of workmanship). Further, the disclaimer provision in the instant case, located on the cover of the limited warranty in bold print and italics, was sufficiently conspicuous, and we therefore find unpersuasive appellants' contention that the wording in the agreements was insufficient to constitute a valid disclaimer.

{¶ 27} Appellants further contend that the waiver-of-claims and limitations-of-remedies provisions should not be enforced, because they are unconscionable. The Supreme Court of Ohio has observed that " '[u]nconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.' " Lake Ridge Academy v. Carney (1993), 66 Ohio St.3d 376, 383, 613 N.E.2d 183, quoting *Williams v. Walker–Thomas Furniture Co.* (C.A.D.C.1965), 350 F.2d 445, 449. Unconscionability "embodies two separate concepts: (1) unfair and unreasonable contract terms, *i.e.,* 'substantive unconscionability,' and (2) individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible, *i.e.,* 'procedural unconscionability.' " *Collins v. Click Camera & Video, Inc.* (1993), 86 Ohio App.3d 826, 834, 621 N.E.2d 1294. The party asserting unconscionability of a contract bears the burden of proving that such agreement is both procedurally and substantively unconscionable. *Taylor Bldg. Corp. of Am. v. Benfield,* 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 33.

{¶ 28} The primary grounds that appellants assert for procedural unconscionability involve the age of the buyers, their relative inexperience in home purchases, and the fact they did not have an attorney review the documents. Appellants also contend that they felt some pressure to move into the area, i.e., enrolling children in school and living close to a relative.

{¶ 29} According to their affidavits, appellants ranged in age from the mid 30s to early 40s at the time they signed the agreements. Although courts may consider whether a party had legal representation, we note that there was no showing that appellants were somehow precluded from consulting with counsel prior to signing the agreements. See *Ball v. Ohio State Home Servs., Inc.,* 168 Ohio App.3d 622, 2006-Ohio-4464, 861 N.E.2d 553, ¶ 10 ("while appellees were not represented by counsel, it was by their own choice, and lack of representation is not dispositive"). Further, "a party * * * is presumed to have read what he signed and cannot defeat the contract by claiming he did not read it." *Hadden Co., L.P.A. v. Del Spina,* 10th Dist. No. 03AP–37, 2003-Ohio-4507, 2003 WL 22006842, ¶ 15. While appellants averred that they had not previously purchased homes, the evidence does not suggest that the builder exerted undue pressure on them to sign the agreements; nor do general claims of pressure to live in a particular area establish that appellants were limited in purchasing a home from a particular builder.

{¶ 30} With respect to the issue of substantive unconscionability, we find no error in the trial court's determination that both the sale agreement and the limited warranty adequately explained in "numerous places that the Limited Home Warranty covers all defects in materials and workmanship and that there

are no other warranties either expressed or implied." As noted above, the limited-warranty disclaimer was clearly worded and conspicuous, and the limited warranty was made in conjunction with specific promises by Centex warranting repairs for over 100 items, including some items that carried a ten-year limited-warranty period (in contrast to four-year limitations period under Ohio law).[1] Upon review, we agree with the trial court that the limitations of warranties contained in the agreements were not unconscionable.

{¶ 31} Appellants also assert that the limited warranty failed in its essential purpose by not providing for the repair of the magnetized joists in their homes. We find this argument unpersuasive. The doctrine relied upon by appellants is drawn from the Uniform Commercial Code ("UCC"). See UCC 2–719(2) (providing certain remedies under the UCC "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose"); see also R.C. 1302.93(B) (codifying UCC 2–719).

{¶ 32} Centex notes that appellants have cited no cases in which this doctrine has been applied to the sale of a home. Courts have noted in general that "the failure-of-the-essential-purpose doctrine * * * is grounded in the Uniform Commercial Code * * * and its associated case law and thus, applicable only to contracts for the sale of goods." *Darby Anesthesia Assoc., Inc. v. Anesthesia Business Consultants* (July 23, 2008), E.D.Pa. No. 06–1565, 2008 WL 2845587. See also *Ruschau v. Monogram Properties*, 12th Dist. No. CA2004–10–121, 2005-Ohio-6560, 2005 WL 3359155, ¶ 25 (R.C. 1302.02 limits the scope of Ohio's UCC provisions to transactions in goods, and R.C. Sections 1302.01 to 1302.98 "are inapplicable to realty").

{¶ 33} Courts in other jurisdictions have declined to apply UCC provisions to "a non-UCC breach of warranty claim." *Plymouth Pointe Condominium Assoc. v. Delcor Homes–Plymouth Pointe, Ltd.* (Oct. 28, 2003), Mich.App. No. 233847, 2003 WL 22439654 (declining to apply by analogy UCC doctrine of "failure of essential purpose" in analyzing limited warranty agreement involving condominium builder); *Southcenter View Condominium Owners' Assn. v. Condominium Builders, Inc.* (1986), 47 Wash.App. 767, 770, 736 P.2d 1075 (UCC not applicable to sales of real estate).

{¶ 34} Rather, these courts have held that "there is no need to adopt by analogy a UCC concept in analyzing the limited warranty" because the common-law mechanism of unconscionability "is still a viable mechanism for determining

---

1. See *Velotta v. Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 378, 23 O.O.3d 346, 433 N.E.2d 147 (duty implied in the sale between a builder-vendor and a vendee to construct a residence in a workmanlike manner using ordinary care subject to the four-year statute of limitations under R.C. 2305.09(D)).

the enforceability of a contract in non-UCC cases." *Plymouth Pointe*. See also *Pichey v. Ameritech Interactive Media Servs., Inc.* (W.D.Mich.2006), 421 F.Supp.2d 1038 (court finds no basis to extend failure-of-the-essential-purpose doctrine to cases "outside the application of Article 2 [of the UCC]. Instead, the doctrine of unconscionability more properly provides the vehicle for determining whether the terms of a services contract are sufficiently one-sided as to undermine the purpose of the agreement"). We agree and find that the doctrine is inapplicable to the instant action.

{¶ 35} Based upon the foregoing, we find that the trial court properly granted summary judgment in favor of Centex. Accordingly, appellants' single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

Judgment affirmed.

TYACK, P.J., and McGRATH, J., concur.