JONES ET AL., APPELLANTS, *v*. CENTEX HOMES, APPELLEE.

[Cite as *Jones v. Centex Homes,* 132 Ohio St.3d 1, 2012-Ohio-1001.]

*A home builder's duty to construct a house in a workmanlike manner using ordinary care is a duty imposed by law, and a home buyer's right to enforce that duty cannot be waived.*

(No. 2010-1826—Submitted October 4, 2011—Decided March 14, 2012.)

APPEAL from the Court of Appeals for Franklin County, Nos. 09AP-1032 and 09AP-1033, 189 Ohio App.3d 668, 2010-Ohio-4268.

_____

SYLLABUS OF THE COURT

A home builder's duty to construct a house in a workmanlike manner using ordinary care is a duty imposed by law, and a home buyer's right to enforce that duty cannot be waived. (*Velotta v. Leo Petronzio Landscaping, Inc.,* 69 Ohio St.2d 376, 433 N.E.2d 147 (1982), paragraph one of the syllabus, and *Mitchem v. Johnson*, 7 Ohio St.2d 66, 218 N.E.2d 594 (1966), paragraph three of the syllabus, clarified and followed.)

_____

PFEIFER, J.

{¶ 1}   The sole question before this court is whether a home buyer can waive his right to enforce a home builder's legal duty to construct a house in a workmanlike manner.  We hold that he cannot.

**Factual and Procedural Background**

{¶ 2}   Appellants Paul Jones and Latosha Sanders purchased a new house from appellee, Centex Homes, in 2004.  After moving into their new home, they discovered that their computers, cordless telephones, and televisions did not

operate properly.  They alleged that metal joists in the house are magnetized and are causing the problems.

{¶ 3}  Apparently, efforts to resolve the problem were unavailing, because they filed suit against Centex Homes, alleging various causes of action, including breach of contract, breach of express and implied warranties, negligence, and failure to perform in a workmanlike manner.  On April 30, 2008, that case was consolidated with a nearly identical case filed by Eric and Ginger Estep, who are also appellants in this case.  Centex Homes moved for summary judgment, arguing that appellants had waived all warranties, whether express or implied, except the specific limited warranty that Centex Homes provided in the sales agreements.  The trial court agreed and granted the motion for summary judgment, finding "as a matter of law that the Limited Home Warranty is not unconscionable."

{¶ 4}  On appeal, the court of appeals affirmed the trial court's judgment, stating:

> [W]e find no error with the trial court's determination that both the sale agreement and the limited warranty adequately explained in "numerous places that the Limited Home Warranty covers all defects in materials and workmanship and that there are no other warranties either expressed or implied."

*Jones v. Centex Homes*, 189 Ohio App.3d 668, 2010-Ohio-4268, 939 N.E.2d 1294, ¶ 30.

{¶ 5}  We granted appellants' discretionary appeal.  *Jones v. Centex Homes*, 127 Ohio St.3d 1531, 2011-Ohio-376, 940 N.E.2d 985.

**Analysis**

*A. The duty to construct a house in a workmanlike manner*

**{¶ 6}** The duty to construct a house in a workmanlike manner has been imposed by law on all home builders in Ohio since at least 1966. In *Mitchem v. Johnson*, 7 Ohio St.2d 66, 218 N.E.2d 594 (1966), home buyers sought compensation for water damage resulting from their houses having been built in a low portion of a lot with surface-water problems and without a foundation drainage system. Notwithstanding the fact that no warranty covered the alleged defect, we concluded that the home buyers were entitled to recover damages if they could establish that the home builder had not constructed the house in a workmanlike manner, stating:

> A duty is imposed by law upon a builder-vendor of a real-property structure to construct the same in a workmanlike manner and to employ such care and skill in the choice of materials and work as will be commensurate with the gravity of the risk involved in protecting the structure against faults and hazards, including those inherent in its site. If the violation of that duty proximately causes a defect hidden from revelation by an inspection reasonably available to the vendee, the vendor is answerable to the vendee for the resulting damages.

*Id.* at paragraph three of the syllabus.

**{¶ 7}** In determining that a duty to construct a house in a workmanlike manner exists, the court plowed the wide fertile plain between two extreme concepts: caveat emptor and strict liability. *Id.* at 70-72. Without expressly saying so, the court appears to have determined that it would be unfair for it to apply either of these standards. *See id.* at 70-73. The court also stated that "[t]he

requirement of workmanlike performance is no more than that which the law imposes upon the builder of a structure on land owned by another, unless, of course, a higher duty may be fairly implied from the terms of the contract itself." *Id.* at 69, citing 17A Corpus Juris Secundum, Contracts, Section 515, at 851. The court specifically stated that an implied warranty was not being imposed. *Id.* at paragraph two of the syllabus.

{¶ 8} In *Ins. Co. of N. Am. v. Bonnie Built Homes*, 64 Ohio St.2d 269, 270-271, 416 N.E.2d 623 (1980), we stated that the "duty of the builder-vendor to build a structure in a workmanlike manner is a duty arising out of the contract of sale and not out of a general duty owed to the public at large," and we held that the duty to construct a house in a workmanlike manner did not extend to subsequent buyers of the house. Just three years later, we recanted. In *McMillan v. Brune-Harpenau-Torbeck Builders, Inc.*, 8 Ohio St.3d 3, 4, 455 N.E.2d 1276 (1983), we overruled *Bonnie Built*, stating, "No sound policy reasons exist to prevent the extension of this duty to all subsequent vendees as well." Our decision was grounded in two policy considerations: "extension of the duty of care in the real property context follows the trend of strong legal precedent in the area of products liability" and "[i]mproved workmanship and accountability are promoted by an expansion of the scope of the duty." *Id.* at 5.

{¶ 9} Between *Bonnie Built* and *McMillan*, we further explored the ramifications of the duty to construct in a workmanlike manner in *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 433 N.E.2d 147 (1982). The court clearly differentiated an implied warranty of suitability, which in effect would hold a builder strictly liable for defects in the structure, from the duty to construct in a workmanlike manner, which essentially holds a builder liable only for negligence. *Id.* at 377-378. We concluded that although the obligation to construct in a workmanlike manner may arise from a contract, the cause of action is not based on contract but on a duty imposed by law. *Id.* at 378-379. Thus, we

held that the duty applied in *Velotta*, even though no oral or written warranties had been offered or agreed to. *Id.* at 377. In fact, the house had been sold "as is." *Id.* at 376.

{¶ 10} We conclude that in Ohio, a duty to construct houses in a workmanlike manner using ordinary care is imposed by law on all home builders.

*B. Can a home buyer waive his right to enforce the home builder's duty to construct the house in a workmanlike manner?*

{¶ 11} Appellants and Centex Homes agree that the purchase contracts associated with this case contain provisions that waive all implied warranties. In place of whatever implied warranties might otherwise be in effect, Centex Homes offered a detailed limited warranty. Although we see no legal impediment to such an arrangement, that issue is not squarely before us. We are called upon only to determine whether a home buyer can waive his right to enforce the builder's legal duty to construct the house in a workmanlike manner using ordinary care.

{¶ 12} At oral argument, Centex Homes repeatedly referred to the requirement that a home builder construct a house in a workmanlike manner as an "implied warranty," while appellants repeatedly referred to it as a "duty." In *Mitchem*, we referred to the requirement as a "duty," but we also said that it was an "implied term of the sale" that the builder would complete the house in a workmanlike manner. *Mitchem,* 7 Ohio St.2d at 73, 218 N.E.2d 594, and paragraph three of the syllabus. It is clear, based on the discussion above, that we concluded that the requirement is not an implied warranty, but instead is a duty imposed by law.

{¶ 13} To determine whether a home buyer can waive his right to enforce this duty, we again turn to *Mitchem* and *Velotta*. In *Mitchem*, we stated that all persons must "measure their conduct by that of the ordinarily prudent person under all the circumstances, which include the risk of harm from the natural and probable consequences of that conduct." *Id.* at 72. Having enunciated this

general rule, we stated that it applied to home builders. *Id.* In *Velotta*, we stated that the duty owed by a builder-vendor "is the duty imposed by law on all persons to exercise ordinary care." *Velotta,* 69 Ohio St.2d at 378, 433 N.E.2d 147. And we held that the duty applied even though the house had been sold "as is" and there had been no express or implied warranties. *Id.*

**{¶ 14}** We conclude that the duty to construct a house in a workmanlike manner using ordinary care is the baseline standard that Ohio home buyers can expect builders to meet. The duty does not require builders to be perfect, but it does establish a standard of care below which builders may not fall without being subject to liability, even if a contract with the home buyer purports to relieve the builder of that duty. Accordingly, we conclude that a home builder's duty to construct a house in a workmanlike manner using ordinary care is a duty imposed by law, and a home buyer's right to enforce that duty cannot be waived.

### Conclusion

**{¶ 15}** We reverse the judgment of the court of appeals and remand the cause to the court of common pleas for a trial on appellants' tort claims that Centex Homes breached its duty to construct their homes in a workmanlike manner using ordinary care. The various other issues decided by the trial court and the court of appeals are unaffected by our opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, and MCGEE BROWN, JJ., concur.

CUPP, J., concurs in judgment only.

_____

Steve J. Edwards, for appellants.

Vorys, Sater, Seymour & Pease, L.L.P., Michael G. Long, and Jonathan P. Corwin, for appellee.

Kristen L. Klaus, urging affirmance for amici curiae, National Association of Home Builders and Ohio Home Builders Association.

_____