Robb, P.J.
{¶ 1} Plaintiff-Appellant The Netherlands Insurance Company, as subrogee of Switzerland of Ohio Local School District appeals, the decision of Monroe County Common Pleas Court granting Defendant-Appellee W.G. Tomko Incorporated's motion for directed verdict after the jury was sworn in but prior to opening statements. Appellant also appeals the trial court's decision denying its motion to amend the complaint. Three issues are raised in this appeal. The first is whether the motion for directed verdict was premature. The second issue is, if it was not premature, did the trial court err in granting the motion. Specifically, was there an independent common law tort cause of action to perform in a workmanlike manner even though there was a contract between the parties. The third issue is whether the trial court abused its discretion in denying the motion to amend the complaint to include a contract cause of action.
{¶ 2} For the reasons expressed below, the motion for directed verdict was premature. However, case law indicates if there was no prejudice, the trial court did not commit error in granting a premature motion for directed verdict. In this instance, there was no prejudice. Case law provides that when the tort and contract are intertwined and there is no independent tort that exists absent the contract, the claim is in contract, not in tort. As explained below, given the facts and the contract, there was no separate independent tort. As to the motion to amend, the trial court did not abused its discretion in denying the motion. The motion was made after the jury was sworn in, tort claims and contract claims require different elements, and more discovery would most likely be needed if the amendment was allowed.
Statement of the Case and Facts
{¶ 3} Switzerland of Ohio Local School District is located in Monroe County, Ohio and is insured by Appellant. The School District operates River High School, also located in Monroe County, Ohio. In 2014, the School District was making improvements to the high school, which included an addition and a roof drain system on the existing building. The School District retained BSHM Architects, Inc., to design the addition, Karpinski Engineering Inc. to provide engineering services, and Appellee to install the roof drain system. The roof drain system was installed on the property and as a result of it being allegedly installed incorrectly water infiltrated the existing gymnasium on July 27, 2014 and caused damage to the gymnasium floor requiring it to be replaced. Appellant made payments in the amount of $135,735.50 for *1233 damages sustained to the School District's property.
{¶ 4} On July 27, 2016, Appellant filed a complaint against BSHM Architects, Karpinski Engineering, and Appellee. Negligence was asserted against all defendants. As to Appellee, Appellant specifically claimed Appellee: 1) "Carelessly, negligently, and improperly installed the roof drain system at the Subject Property;" 2) "Carelessly, negligently, and improperly failed to caulk the roof drain and spigot penetrations so as not to cause harm to the Subject Property;" 3) "Failed to perform the roofing services in a workmanlike manner;" and 4) "Otherwise failed to exercise due care under the circumstances." 7/27/16 Complaint.
{¶ 5} All defendants filed answers. 9/13/16 Karpinski and BSHM Answer; 9/21/16 Appellee Answer. Appellee asserted as an affirmative defense that Appellant failed to state a claim upon which relief could be granted. 9/21/16 Appellant Answer.
{¶ 6} After some discovery occurred, Appellant dismissed with prejudice BSHM and Karpinski from the lawsuit. 3/30/17 Stipulation for Dismissal with Prejudice. Appellant's expert concluded the water intrusion was caused by Appellee's failure to properly install the roof drain system. 3/10/17 Plaintiff's Expert Disclosures. The case proceeded against Appellee, and further discovery occurred.
{¶ 7} Trial began on September 25, 2017. After the jury was chosen and sworn in, Appellee moved for a directed verdict claiming Appellant failed to state a claim upon which relief could be granted. Tr. 162. The only claim raised in the complaint was negligence. Appellee asserted it entered into a contract with the School District; it was a contract for Appellee to install the roof drain system. Appellee contends the conduct Appellant uses to form the basis of the negligence claim arose solely out of and under the contract. 9/25/17 Directed Verdict Motion; Tr. 162-164. It asserted when a contract action exists against a defendant, the plaintiff cannot maintain a tort claim based upon the same underlying actions as the breach of contract claim unless the defendant also breached a duty owed independent of the contract. 9/25/17 Directed Verdict Motion; Tr. 164.
{¶ 8} Appellant countered arguing their case is not limited to what was said during voir dire and in the alternative moved to amend the complaint:
Second of all, what our case that's put on is not limited to what Mr. Melko [other attorney for Appellant] said in Voir Dire. So the fact that he was alluding to negligence, in and of itself, doesn't preclude us moving forward.
Lastly, in the event that the Court permits to, we would move to amend our Complaint instanter to include a breach of contract claim.
Tr. 165.
{¶ 9} In response to the request for leave to amend, Appellee argued it would be unfair to grant it because the jury was already sworn in and the trial commenced. Tr. 166. Appellee also asserted it would also have the right to conduct discovery on breach of warranty if the motion to amend was granted. Tr. 166.
{¶ 10} Following a recess, the trial court granted the directed verdict motion. It explained there is no dispute the complaint only asserted a negligence claim and there was a contract between Appellee and the School District. It reasoned:
The basis of Plaintiff's tort claim in that this Defendant failed to adequately perform its services that were controlled under the contract.
The Seventh District has issued more than one ruling that has found that in *1234 the State of Ohio, a breach of contract does not create a separate tort claim, including a claim for negligence.
There is no other claim that the Plaintiff had made, setting forth their purported damages that they have incurred as a result of any type of other independent tortious conduct.
Of course, as we all know, the Plaintiff herein is a subrogee of the school district and they stand in the shoes of the school district.
The Court finds that a tort claim would be barred with respect to the school district based on the contract between the school district and Tomko. Therefore, the Plaintiff's negligence claim or tort claim against Tomko is likewise barred.
Tr. 168-169. See also 9/25/17 J.E.
{¶ 11} The trial court also denied the motion to amend the complaint noting the ruling does not "make the case go away because they can re-file." Tr. 169.
{¶ 12} Appellant then filed a motion for new trial. 10/23/17 Motion for New Trial. Appellant argued a new trial should be granted for four reasons. 10/23/17 Motion for New Trial. First, Appellee's directed verdict motion was premature because it was made before opening statements. 10/23/17 Motion for New Trial. Second, Appellee failed to plead the economic loss doctrine as an affirmative defense. 10/23/17 Motion for New Trial. Third, the economic loss doctrine does not bar the negligence claim against Appellee. 10/23/17 Motion for New Trial. Lastly, a tort claim can be maintained despite the existence of contract. 10/23/17 Motion for New Trial.
{¶ 13} Appellee filed a response in opposition asserting the motion for new trial should be denied. 11/2/17 Response in Opposition. It argued the motion was not procedurally made at the wrong time and even if it was, there was no prejudice to Appellant. 11/2/17 Response in Opposition. It further contended the timing argument is waived because it was not raised in response to the directed verdict motion. 11/2/17 Response in Opposition. Appellee further asserted the directed verdict was warranted on its merits. 11/2/17 Response in Opposition. It argued the economic loss rule argument is a red herring; the motion was not brought under the economic loss rule, but rather because the claim was based purely on contractual obligations. 11/2/17 Response in Opposition.
{¶ 14} Further responses were filed by each party. 11/14/17 Appellant's Reply; 11/15/17 Appellee's Sur-Reply.
{¶ 15} The trial court denied the motion for new trial; it agreed with Appellee's arguments. 12/11/17 J.E.
{¶ 16} Appellant timely appealed the trial court's decision granting the directed verdict and denying the motion to amend the pleadings.
First and Second Assignments of Error
"The court of common pleas erred in granting a directed verdict for the defendant because the economic loss doctrine does not bar the plaintiff's negligence claim against the defendant."
"The court of common pleas erred in granting a directed verdict for the defendant because the defendant owed an independent common-law duty to the plaintiff."
{¶ 17} The first and second assignments of error are addressed together due to the commonality of the issues; both address the merits of the directed verdict ruling.
{¶ 18} The rule governing directed verdicts, Civ.R. 50, states:
When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable *1235 minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
Civ.R. 50(A)(4).
{¶ 19} "The 'reasonable minds' test mandated by Civ.R. 50(A)(4) requires the court to discern only whether there exists any evidence of substantive probative value that favors the position of the nonmoving party." White v. Leimbach , 131 Ohio St.3d 21, 2011-Ohio-6238, 959 N.E.2d 1033, ¶ 22, quoting Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co. , 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶ 4. " 'A motion for directed verdict * * * does not present factual issues, but a question of law, even though in deciding such a motion, it is necessary to review and consider the evidence.' " Groob v. KeyBank , 108 Ohio St.3d 348, 2006-Ohio-1189, 843 N.E.2d 1170, ¶ 14, quoting O'Day v. Webb , 29 Ohio St.2d 215, 280 N.E.2d 896 (1972), paragraph three of the syllabus. Since we are presented with a question of law, we apply a de novo standard of review. Cleveland Elec. Illum. Co. v. Pub. Util. Comm. , 76 Ohio St.3d 521, 523, 668 N.E.2d 889 (1996). De novo appellate review requires that the court of appeals independently review the record and afford no deference to the trial court's decision.
{¶ 20} The motion for directed verdict was made and granted after voir dire, but prior to opening statements. As will be explained in the third assignment of error, the motion was premature, but any error associated with the timing of the motion was waived and was harmless error.
{¶ 21} Although the motion was premature, the Ohio Supreme Court's instructions on granting a directed verdict following opening statements is instructive in this scenario. The Ohio Supreme Court has cautioned, "A trial court should exercise great caution in sustaining a motion for a directed verdict on the opening statement of counsel." Brinkmoeller v. Wilson , 41 Ohio St.2d 223, 325 N.E.2d 233 (1975), syllabus. Only when the opening statement demonstrates that the party is completely unable to sustain a cause of action should the court take the matter away from the jury and grant the motion for a directed verdict. Parrish v. Jones , 138 Ohio St.3d 23, 2013-Ohio-5224, 3 N.E.3d 155, paragraph three of the syllabus and ¶ 32.
{¶ 22} Appellant spends a great deal of time focused on the economic loss doctrine, even though it was not argued to the trial court in response to the directed verdict motion. It also argues there is an independent tort claim. Appellee counters arguing the directed verdict was properly granted because the conduct Appellant uses to form the basis of the negligence claim arose solely out of and under the contract, and thus, an independent tort claim does not exist. Appellee is essentially claiming Appellant failed to state a claim upon which relief could be granted. It further asserts the economic loss doctrine was not raised to the trial court, was not relied on by the trial court in making its decision, and is a red herring.
{¶ 23} These arguments raise two issues. First, whether the claimed inadequate performance is a contract or tort claim. Second, whether the economic loss doctrine is applicable in this situation.
A. Tort v. Contract
{¶ 24} In the complaint the Appellant clearly asserted a negligence claim against Appellee. The complaint contends Appellee: 1) "Carelessly, negligently, and improperly installed the roof drain system at the Subject Property;" 2) "Carelessly, negligently, and improperly failed to caulk the roof drain and spigot penetrations so as not to cause harm to the Subject Property;"
*1236 3) "Failed to perform the roofing services in a workmanlike manner;" and 4) "Otherwise failed to exercise due care under the circumstances." 9/27/16 Complaint.
{¶ 25} This claim is premised on one incident, installing the roof drain system. The discovery filings indicate it was Appellant's expert's opinion that Appellee failed to properly install the roof drain system and this is what caused the water to back up in the roof drain system and ultimately caused water to infiltrate the gymnasium and damage the floor.
{¶ 26} Given the claims and Seventh Appellate District case law, the trial court found the claim could only be a breach of contract and not a separate tort claim. Since a breach of contract claim was not pled, the trial court granted the directed verdict for Appellee:
In this case, the Plaintiff claims to have been damaged as a result of Defendant Tomko's actions under the terms of a contract between Tomko and the School District. The work Tomko was to perform for the School District was governed by the contract between the School District and Tomko. The basis of Plaintiff's tort claim is that Defendant Tomko failed to adequately perform its services under the contract. Plaintiff claims that it suffered damages as a direct and proximate result of Tomko's failure to properly install a roof drainage system. This falls under Tomko's obligations under the contract.
There is no claim that Plaintiff's purported damages occurred as a result of some other independent tortious conduct of Defendant Tomko. Thus, Plaintiff's purported damages are only recoverable under a breach of contract claim, which was not plead by Plaintiff in this case.
9/25/17 J.E.
{¶ 27} "In Ohio, a breach of contract does not create a tort claim." Textron Fin. Corp. v. Nationwide Mut. Ins. Co. , 115 Ohio App.3d 137, 151, 684 N.E.2d 1261 (9th Dist.1996). Generally, the existence of a contract precludes a tort claim on the same underlying actions, unless the defendant also breached a duty owed independent of the contract. Raze Internatl., Inc. v. Southeastern Equip. Co. , 2016-Ohio-5700, 69 N.E.3d 1274, ¶ 62 (7th Dist.), citing Lucarell v. Nationwide , 2015-Ohio-5286, 44 N.E.3d 319, ¶ 87 (7th Dist.), rev'd on other grounds, sub nom . Lucarell v. Nationwide Mut. Ins. Co. , 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, ¶ 32. "However, a tort claim based upon the same actions as those upon which a breach of contract claim is based will exist independently of the contract action if the breaching party also breaches a duty owed separately from that created by the contract." Raze citing Lucarell, 2015-Ohio-5286, 44 N.E.3d 319. "Where the causes of action in tort and contract are 'factually intertwined,' a plaintiff must show that the tort claims derive from the breach of duties that are independent of the contract and that would exist notwithstanding the contract." Stancik v. Deutsche Natl. Bank , 8th Dist. No. 102019, 2015-Ohio-2517, 2015 WL 3899224, ¶ 40, citing Cuthbert v. Trucklease Corp., 10th Dist. No. 03AP-662, 2004-Ohio-4417, 2004 WL 1879023, ¶ 44. See also Wexler v. Jewish Hosp. Assoc. of Cincinnati, 1st Dist. Nos. C-820654 and C-820906, 1983 WL 5281 (Oct. 26, 1983).
{¶ 28} Here, the claims are factually intertwined. However, the complaint alleged the installation of the roof drain system was not performed in a workmanlike manner. Appellant asserts the failure to perform in a workmanlike manner is the independent tort.
{¶ 29} Absent from the contract between the School District and Appellee was an express warranty to perform the work in a workmanlike manner. Exhibit H to the Appellant's Motion for New Trial.
*1237 Where there is no express warranty in the contract to perform in a workmanlike manner, there may be an implied warranty to do so. Implied warranties are typically governed by contract law. Yet, there is case law indicating the failure to perform in a workmanlike manner can be a tort claim even though the duty to perform in a workmanlike manner arose from the contract.
{¶ 30} In addressing whether the 4-year tort statute of limitation or the 15-year contract statute of limitation applied to a claim of whether a contractor failed to perform in workmanlike manner, the Tenth Appellate explained the instances when contract law applied and when tort law applied. Cook v. ProBuild Holdings, Inc. , 10th Dist., 2014-Ohio-3518, 17 N.E.3d 1210, ¶ 26. It determined when the alleged failure to perform in a workmanlike manner arises out of the agreements entered between the general contractor and its subcontractors for future construction services the nature of the liability is ex contractu; it is governed by contract law. Id. In reaching this decision the court noted, in general, common law imposes a duty on builders and contractors to perform in a workmanlike manner. Id. at ¶ 19. The Court then discussed two Ohio Supreme Court decisions, Velotta and Kishmarton . Id. at ¶ 19, 21-22.
{¶ 31} In Velotta , the Ohio Supreme Court held, "An action by a vendee against the builder-vendor of a completed residence for damages proximately caused by failure to construct in a workmanlike manner using ordinary care-a duty imposed by law-is an action in tort * * *." Velotta v. Leo Petronzio Landscaping, Inc. , 69 Ohio St.2d 376, 433 N.E.2d 147 (1982), paragraph one of the syllabus. The Velotta Court indicated that while the obligation to perform in a workmanlike manner may arise out of the contract, the cause of action is based on a duty imposed by law and thus, is a tort. Id. at 378, 433 N.E.2d 147. See also Jones v. Centex Homes , 132 Ohio St.3d 1, 2012-Ohio-1001, 967 N.E.2d 1199, syllabus (sale of already constructed new residence). Velotta involved the sale of an already completed residence.
{¶ 32} Years later in Kishmarton , the Ohio Supreme Court was asked to determine whether an alleged violation of a duty to construct a residence in a workmanlike manner arises in contract or tort when the agreement is for the future construction of a residence, not an already constructed residence. The specific issue was whether, when a vendee and vendor-builder enter into an agreement for the future construction of a residence, the vendee's cause of action against the builder for breach of the duty to construct the residence in a workmanlike manner arises in contract or tort. Kishmarton v. William Bailey Constr., Inc. , 93 Ohio St.3d 226, 754 N.E.2d 785 (2001). Noting its earlier decision in Velotta did not address this issue, the Supreme Court held: "Where the vendee and builder-vendor enter into an agreement for the future construction of a residence, the vendee's claim for breach of an implied duty to construct the house in a workmanlike manner arises ex contractu." Id. at paragraph one of the syllabus and 228, 754 N.E.2d 785.
{¶ 33} In reaching this conclusion, the Kishmarton Court considered the nature of the particular agreements in Velotta and in Kishmarton :
In Velotta , the consideration for the purchase price was the structure, a finished product. In this case, "the consideration is the services * * * [to] be performed by the contractor. * * * While the contractor is still required to perform the services in a workmanlike manner, the quality of the product will be governed by the language of the contract itself."
*1238 Vistein v. Keeney (1990), 71 Ohio App.3d 92, 105, 593 N.E.2d 52, 61.
The contract governs the warranty of good workmanship; therefore, the warranty of good workmanship arises from the contract. It can hardly be otherwise.
Id. at 228-229, 754 N.E.2d 785.
{¶ 34} Here, the failure to perform in a workmanlike manner arises out of the contract between the School District and Appellee for the future construction of the roof drain system. Although the drain system was completed before discovery of Appellee's alleged improper installation of the drain system, the cost of the project was for the services to be performed. See Hanna v. Groom , 10th Dist. No. 07AP-502, 2008-Ohio-765, 2008 WL 500530, ¶ 21 (Paving contract between the parties. During performance of the contract damage occurred to homeowner's siding. Following completion, homeowner refused to pay in full until the siding was repaired. The court found the damage was governed by contract law because the paving contract was for future services.). Like Kishmarton and Cook, Appellant's claim for allegedly failing to perform in a workmanlike manner is governed by contract law, not tort law because the contract was for future construction. Therefore, the tort claim is precluded because of the existence of a contract.
B. Economic loss doctrine
{¶ 35} The economic-loss doctrine generally prevents recovery in tort damages of purely economic loss. Chemtrol Adhesives, Inc. v. American Manufacturers Mut. Ins. Co. , 42 Ohio St.3d 40, 537 N.E.2d 624 (1989).
" '[T]he well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.' " This rule stems from the recognition of a balance between tort law, designed to redress losses suffered by breach of a duty imposed by law to protect societal interests, and contract law, which holds that "parties to a commercial transaction should remain free to govern their own affairs." " 'Tort law is not designed * * * to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. That type of compensation necessitates an analysis of the damages which were within the contemplation of the parties when framing their agreement. It remains the particular province of the law of contracts.' "
(Internal citations omitted.). Id. at ¶ 6.
{¶ 36} The economic loss doctrine applies to tort claims and presupposes that a tort cause of action exists. The economic loss doctrine is not a means to create an independent tort when there was not one.
{¶ 37} The Eighth Appellate District essentially reached that same conclusion in Stancik . 2015-Ohio-2517 at ¶ 39-41. In Stancik , the Trust moved for summary judgment claiming the negligence claims were barred by the economic loss doctrine. Id. at ¶ 39. The appellate court stated the economic loss doctrine would not bar a viable negligence claim because there was an allegation of physical injury. Id. However, it found the negligence claim was not viable because "the existence of contract action excludes the opportunity to present the same case as a tort claim." Id . quoting Textron , 115 Ohio App.3d at 151, 684 N.E.2d 1261. "When an alleged breach is of a duty that is created by a contract and is 'independent of any duty imposed by law, the cause of action is one of contract, not tort.' " Stancik, quoting Cuthbert , 2004-Ohio-4417 at ¶ 44. In Stancik , the parties' relationship was contractual, and any purported duties and responsibilities of the Trust in maintaining accurate records *1239 before initiating foreclosure are related to the contract. Stancik at ¶ 41. "Because Stancik's allegations regarding the Trust's alleged breach of its duties do not encompass any duties independent of their contractual relationship, his negligence claims necessarily fail as a matter of law." Id.
{¶ 38} That reasoning equally applies here. The duty owed to the School District arose from the contract; the School District and Appellee's relationship was contractual. Thus, any duty to perform the work correctly are related to the contract. The tort claimed is intertwined in the contract and was not independent.
{¶ 39} For those reasons, Appellant's assertion of the economic loss doctrine is a red herring; the trial court found that the contract and the tort claim are intertwined and an independent tort does not survive. The negligence claim fails as a matter of law.
{¶ 40} For the above stated reasons, the first two assignments of error are meritless.
Third Assignment of Error
"The court of common pleas erred in granting a directed verdict for the defendant prior to the plaintiff's opening statement."
{¶ 41} The argument asserted in this assignment of error is the trial court erred in granting the motion for directed verdict prior to opening statements. This is a timing argument; Appellant appears to be arguing a procedural defect in granting the motion at a time not allowed by the rule. Appellee counters, arguing Appellant waived this argument when it did not object to the timing of the motion in its response to the motion for directed verdict. In the alternative, Appellee argues the granting of the motion was premature, but since there was no prejudice to Appellant any error was harmless. It contends there was nothing Appellant could have stated in its opening statement that would have changed the fact that it failed to state a claim upon which relief could be granted.
{¶ 42} Civ.R. 50(A)(1) states:
(1) When Made. A motion for a directed verdict may be made on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence.
Civ.R. 50(A)(1).
{¶ 43} The language of the rule lists three times when a directed verdict motion may be made - one of which is after the opponent's opening statement. The motion at hand was made prior to the opponent's opening statement.
{¶ 44} Appellate courts have indicated a motion at times different from the ones expressed in Civ.R. 50(A)(1) are improper. The Eighth Appellate District has explained that Civ.R 50(A)(1) and (4) must be read in conjunction with each other and thus, in order for a direct motion to be granted it must be "properly made" and meet the prescriptions in subdivision (1). Sherwin v. Cabana Club Apartments , 70 Ohio App.2d 11, 433 N.E.2d 932 (8th Dist.1980). Thus, if a motion is made at any other time than the ones prescribed by Civ.R. 50(A)(1), the motion is not properly made and should not be entertained. Id. In Sherwin the motion was not properly made because it was made at the close of movant's own evidence. Id. The appellate court reasoned the trial court erred in granting the motion because it precluded the nonmovant from presenting any evidence in support of its affirmative defenses or counterclaim. Id. The appellate court held the granting of the motion at the incorrect time denied the nonmovant the opportunity to defend itself. Id. The Tenth Appellate District has similarly stated "if a trial court directs a verdict for the plaintiff at the close of his own case, the motion is premature and improper."
*1240 Biddle v. Mayfield , 10th Dist. No. 85AP-751, 1986 WL 3710 (Mar. 25, 1986), citing Sherwin , at 11, 433 N.E.2d 932. The Twelfth Appellate District has also concluded a motion for directed verdict made after the presentation of the movant's evidence is premature and the trial court's denial of the motion was proper. Stephens v. Vick Express, Inc. , 12th Dist. Nos. CA2002-03-066 and CA2002-03-074, 2003-Ohio-1611, 2003 WL 1689602, ¶ 11-14 (Additionally noting that since the motion was premature, it should not have been entertained by the trial court.).
{¶ 45} Although premature motions should not be entertained, the Eighth and Tenth Appellate districts have indicated the granting of a premature directed verdict motion may result in harmless error. Langford v. Dean , 8th Dist. No. 74854, 1999 WL 777862 (Sept. 30, 1999) ("In this case, the trial court granted the appellee's motion for a directed verdict prior to the commencement of voir dire. Although the trial court was technically incorrect in the timing of its ruling on the appellee's motion, this court has previously held that such a premature ruling on a motion for a directed verdict is harmless error where it is clear that a plaintiff will be unable to establish one or more of the necessary elements for recovery."); King James S. Danford Square Condominium Unit Owner's Ass'n v. Pacer Const. Corp. , 8th Dist. No. 64213, 1993 WL 515623 (Dec. 9, 1993) (Motion for directed verdict was made prior to opening statements. Although the motion was premature, the trial court's granting of the motion was harmless given the facts and pleadings of the case); Walters v. Walters , 10th Dist. No. 82AP-282, 1982 WL 4311 (July 29, 1982) (This case dealt with Civ.R. 41(B), which deals with a nonjury trial, rather than Civ.R. 50(A) which deals with a jury trial. However, the court noted the error associated with granting the premature motion "does not necessarily require reversal of the judgment since it is incumbent upon the appellant to demonstrate prejudice resulting from the error."). These cases are in conformity with the decision in Sherwin , which many courts cite for the proposition that a directed verdict motion is premature and improper. Essentially the Sherwin court held the granting of the improper motion resulted in prejudice given the facts and filings in that case; the nonmovant was foreclosed from the opportunity to defend itself because it was precluded from presenting evidence on its affirmative defenses and counterclaim. Sherwin , at 11, 433 N.E.2d 932.
{¶ 46} In this case, the motion was premature because it was made prior to the opening statements. Due to the timing of the motion the trial court should not have entertained the motion. Yet, there was no prejudice from the trial court's granting of the motion. This is not a case where the nonmovant was the defendant who had additionally filed a counterclaim and asserted affirmative defenses and had yet to present its evidence. This case deals with the claim raised in the complaint. Although we agree with Appellant that neither party was foreclosed to assertions made during voir dire, Appellant was limited to the claim pled in the complaint. As Appellee states, there was nothing Appellant could have stated in its opening statement that would have changed the fact that it failed to state a claim upon which relief could be granted. As explained in the first two assignments of error there was no independent tort claim and the only potential claim was a contract claim, which was not pled. Accordingly, the granting of the motion for directed verdict was correct and no prejudice resulted from prematurely granting the motion.
{¶ 47} Furthermore, the timing of the motion was waived. In addition to finding *1241 that a premature motion did not result in prejudice, the Tenth Appellate District has stated that failing to object to the timing of the directed verdict motion waived the argument. Alhamarshah v. Salem , 10th Dist., 2016-Ohio-7668, 73 N.E.3d 1076, ¶ 15 (Motion for directed verdict was made prior to opening statements and determined to result in harmless error because no prejudice resulted from premature motion.).
{¶ 48} In conclusion, there was no objection and there is no showing of prejudice. This assignment of error lacks merit.
Fourth Assignment of Error
"The court of common pleas erred in denying the plaintiff's motion to amend its complaint."
{¶ 49} Appellant moved to amend the complaint to include a contract claim in response to the directed verdict motion. Appellee opposed the motion to amend. The trial court denied the motion to amend.
{¶ 50} Civ.R. 15(A) governs amendment of pleadings and provides when leave must be given to amend the pleadings. In this instance, the only manner in which Appellant could amend the pleadings is if it obtained leave from the court or if Appellee consented in writing to the amendment. Civ.R. 15(A). The rule indicates in granting leave, the trial court "shall freely give leave when justice so requires." Civ.R. 15(A).
{¶ 51} Factors for the trial court to consider include whether the movant makes a prima facie showing of support for the new matters sought to be plead, the timeliness of the motion, and whether the proposed amendment would prejudice the opposing party. Wilmington Steel Prods., Inc. v. Cleveland Elec. Illuminating , 60 Ohio St.3d 120, 573 N.E.2d 622 (1991).
{¶ 52} The determination on whether to grant or deny a motion to amend lies well within the trial court's discretion; an appellate court's review is conducted pursuant to an abuse of discretion standard. Turner v. Cent. Local School Dist. , 85 Ohio St.3d 95, 99, 706 N.E.2d 1261 (1999). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore , 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).
{¶ 53} Appellant asserts pleading a tort claim instead of a contract claim was "nothing more than a pleading technicality." Appellant's Brief. It argues the litigation focused on one set of facts - whether Appellee failed to adequately perform its work. It claims the contract was intended to be introduced at trial.
{¶ 54} Appellee counters asserting Appellant is oversimplifying the error. It asserts an entirely new cause of action with different elements would have resulted from the amendment. The request was made after the jury was empaneled despite being on notice of Appellee's affirmative defense - failure to state a claim upon which relief could be granted. The jury instructions filed with the trial court dealt solely with negligence.
{¶ 55} Given our standard of review, the trial court's decision did not amount to an abuse of discretion. The jury was already empaneled and the complaint clearly set forth only a negligence cause of action; the complaint alleged Appellee owed a duty to exercise reasonable care during the installation of the roof drain system, Appellee negligently performed that duty, and as a *1242 direct and proximate result of breaching that duty the School District sustained injuries to its real property. 7/27/16 Complaint. The jury instructions filed with the court were for negligence. Even though the tort claim and contract claim were probably based on the same facts, there are different elements to the causes of action. Also, as the court noted it appears the contract claim could be refiled; it does not appear the statute of limitations on a contract claim has run. Thus, given the timing of the motion and the fact that more discovery may have to occur it was not an abuse of discretion to deny the motion.
{¶ 56} This assignment of error lacks merit.
Conclusion
{¶ 57} The first three assignments of error are without merit; a directed verdict on the negligence claim was warranted and the decision is affirmed. As to the fourth assignment of error, the trial court's denial of the motion to amend the complaint is affirmed; the trial court did not abuse its discretion in denying the motion to amend the complaint.
Donofrio, J., concurs.
Waite, J., concurs.